DeFOREST HULBURD AND HUGH McBIRNEY JOHNSTON, INDIVIDUALLY AND AS EXECUTORS OF AND TRUSTEES UNDER THE WILL OF CHARLES H. HULBURD, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22028.   Promulgated April 7, 1933.

*John E. Hughes, Esq.*, for the petitioners.
*Arthur Carnduff, Esq.*, and *J. R. Johnston, Esq.*, for the respondent.

**OPINION.**

STERNHAGEN: The respondent, having determined a deficiency and a penalty for the fiscal year ending September 30, 1919, in respect of the Van Sicklen Company, mailed a notice dated October 27, 1926, addressed to " Estate of Charles H. Hulburd, % DeForest Hulburd," as follows:

As provided by Section 280 of the Revenue Act of 1926, there is proposed for assessment against the estate the sum of $24,000 constituting its liability as a transferee of the assets of the Van Sicklen Company, Elgin, Illinois, representing unpaid income and profits taxes assessed against the company for the fiscal year ended September 30, 1919, in accordance with the attached statement, plus any penalty and accrued interest.

A petition was filed with the Board by DeForest Hulburd and Hugh McBirney Johnston, individually and as executors of and trustees under the will of Charles H. Hulburd, deceased, in which

the petitioners assail the determination of the deficiency, of the penalty, and of the liability of the estate. The respondent answered by a denial. After a hearing upon the issue whether the statute of limitations had barred the petitioners' liability, it was decided on October 14, 1930, that such liability was not barred. *DeForest Hulburd*, 21 B. T. A. 23. The proceeding is now submitted for final decision after trial on the merits.

For the petitioners it is argued, first, that, assuming a proper determination as to the taxpayer corporation and a liability in respect thereof of the decedent as a transferee of the corporation's assets, there is no liability of the estate, because the estate was at no time such a transferee. This argument takes as its postulate a construction of the respondent's notice as one to the estate directly in its capacity as a recipient in its own behalf of assets for which in its own behalf it may be liable as a transferee. The respondent argues that he has not proceeded against the estate in that capacity, but in its capacity as a representative of the decedent, whereby any liability of the decedent is to be imputed to his estate.

There is nothing in the notice of liability which expressly indicates that the determination of the respondent was made in respect of the estate in its representative capacity. The language as above quoted does not mention the liability of the decedent as a transferee and does not indicate that the respondent treats the decedent as a transferee. The expression, " Constituting its liability as a transferee," would on its face convey the idea that the estate was determined to be a transferee and as such was liable. If, however, the language be regarded as ambiguous, the ambiguity is caused by the respondent, and should therefore be resolved adversely to him. To him it was well known that a decedent's estate has a dual existence before the tax law. By section 219, it stands as a taxpayer, in respect of income derived subsequent to the death of the decedent. A dissolution and distribution by a corporation of which it is a shareholder occurring after the decedent's death may impose upon it directly a liability as a transferee of the corporation's assets. In such case, the language quoted would be apt. But the estate is also liable as the decedent's representative for tax upon income derived by him during his lifetime, and for his lifetime liability as a transferee, if properly demanded. This is not " its liability as a transferee," but its liability as a representative of the transferee. It seems but natural for the executors or administrators of a decedent's estate, who perchance know nothing of the affairs of the decedent prior to his death, to treat the Commissioner's notice as meaning what it so clearly says, and not to assume an inadvertent use of language and seek for a possible correct meaning for

a latent intent. It may not be forgotten that the letter of the executors of April 16, 1924, requesting a prompt determination of decedent's taxes was, in the Board's earlier opinion, 21 B. T. A. 23, strictly construed against them so as to exclude application to the decedent's transferee liability and prevent a consequent release by limitation.

The evidence clearly establishes that the estate itself was not a transferee of the assets of the Van Sicklen Company. The corporation distributed its assets and was dissolved prior to decedent's death, and it does not appear that any part of such assets as were transferred by the corporation to him during his life were owned or possessed by him at the time of his death or in any way came into the hands of the executors of his estate.

But it is not satisfactory to rest the decision on a literal interpretation of the notice of deficiency. Hulburd, the decedent, was the owner in his own right of 80 shares of the Van Sicklen Company, and the respondent says that his share in the final distribution was $8,000. Assuming, *arguendo*, that it was, it does not follow that his estate is necessarily in this proceeding to be held liable as his representative as he would have been had he lived. The liquidation occurred in 1919, and Hulburd died in January, 1924, leaving a will. The executors were duly appointed, February 20, 1924. With reasonable promptness, on April 16, 1924, they requested the Commissioner in writing to determine the decedent's outstanding income taxes within a year (see section 250 (d), Revenue Act of 1921). Thus the Commissioner was fully advised of Hulburd's death and of the pending administration of his estate and the opportunity for the presentation of claims against it. Although the executors' written request for a prompt determination of the decedent's income taxes did not refer to any liability he may have incurred as a transferee, nevertheless the Commissioner was thereby made aware of his right to enforce any such transferee liability by a claim against the estate before final distribution. No such claim was filed, although the deficiency and penalty of the Van Sicklen Company were assessed on November 17, 1924, while the estate was being administered. By an order of the probate judge, dated February 26, 1925, the estate was declared settled and the executors, having made final distribution and submitted their final account, were discharged. On April 20, 1925, the Commissioner replied to the executors' earlier request and stated that no further taxes were due for 1919 to 1921 and that there were deficiencies for 1922 to 1924. These were promptly paid and the Commissioner called the case closed under section 277 (a) (3), Revenue Act of 1924. All this occurred before the enactment of any such provision as section 280, Revenue Act of 1926,

providing the administrative remedy for transferee liability. On October 27, 1926, the notice of liability which has already been described was mailed to the estate.

We are of opinion that at the time the notice was mailed there was no liability of the estate or of the petitioners as executors. Both were at that time out of existence, and it would be an anomaly to recognize an existing transferee liability of a nonexistent transferee. Section 280 of the Revenue Act of 1926 did not create new liabilities, but only provided a new remedy for enforcing existing liabilities. *Phillips* v. *Commissioner*, 283 U. S. 589. No authority is cited for giving it a retroactive application as a remedy to enforce defunct liabilities or as reviving them. And, however possible it may be to find some retroactive effect in the statute under other circumstances, there is nothing in the present case to justify the belief either that Congress so intended or that it would produce a just result. With full knowledge of his opportunity and ample time within which to use it, the Commissioner took no step to present a claim, but permitted the estate to be closed and the executors discharged without knowledge of the possible liability. It is not suggested that there were any circumstances indicating lack of good faith or diligence by the executors or that their representations to the probate court resulting in their discharge were disingenuous. If they were, there may still be a remedy for the Government to enforce personal liability of the executors under the Revised Statutes, section 3467. The respondent disclaims any attempt in this proceeding to invoke such a remedy. Section 281, Revenue Act of 1926, and section 312, Revenue Act of 1932, were not in effect during the existence of this estate, and imposed no duties upon the executors here. The decisions under those sections are therefore not pertinent. There is also a plain distinction between this case relating to transferee liability for another's tax and cases involving posthumous deficiencies in the decedent's own tax. Cf. *Elna S. Evans*, 12 B. T. A. 334; *Karl J. Kaufmann*, 15 B. T. A. 141; *Elnora Haag*, 19 B. T. A. 982; affd., 59 Fed. (2d) 516.

Whatever may be the liability of the decedent for his own tax deficiency, or the persistence of such liability at law against his estate and against the discharged executors who failed to pay the deficiency before their discharge, there is a different question in equity after their bona fide discharge as to their liability for the tax of a corporation of which the decedent was a shareholder prior to its dissolution and liquidation which took place long before his death and of which they were during administration without actual or constructive notice.

We hold, therefore, that there was no liability of the estate as a transferee in its own behalf; and we hold also that in its representa-

tive capacity, the estate had no liability at the time of its determination by the respondent. We do not hold that there was no deficiency or penalty in respect of the Van Sicklen Company, and we do not hold that the decedent had no liability in respect thereof, or that the estate had no liability at any time. Nor do we say anything about the liability of any of the beneficiaries under the will or the distributees of the assets of the estate. See *Lindley* v. *United States*, 59 Fed. (2d) 336. Those questions are academic in this proceeding and need not therefore be decided.

Reviewed by the Board.

*Judgment will be entered for the petitioners.*