COMMISSIONER OF INTERNAL REVENUE. v. ROSENHEIM.

No. 8043.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 20, 1942.

Decided Dec. 31, 1942.

Newton K. Fox, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for petitioner.

Morris H. Goldman, of Philadelphia, Pa. (D. Benjamin Kresch and Wolf, Block, Schorr & Solis-Cohen, all of Philadelphia, Pa., on the brief), for respondent.

Before JONES and GOODRICH, Circuit Judges, and AVIS, District Judge.

JONES, Circuit Judge.

On the present respondent's motion the Board of Tax Appeals dismissed her earlier petition for a redetermination of transferee liability, as found by the Commissioner, on the ground that notice of the liability had not been served in the manner required by the applicable statute. The matter is now before us on the Commissioner's petition for a review of the Board's decision.

The determination by the Commissioner which gave rise to the proceedings before the Board was based upon the respondent's voluntary receipt, as a stockholder of Tobacco Products Corporation of New Jersey, of assets of that company which was indebted for a large income tax for the year 1935. The transferor company, a corporation of the State of New Jersey located at Jersey City in that State, filed its income tax return for the year 1935 with the Internal Revenue Collector at Newark, New Jersey, for the revenue district of the corporation's domicile. Notice to the respondent of her transferee liability was sent out by the Internal Revenue Agent in charge at Newark on June 7, 1940, by registered letter addressed to her at 2 West 86th Street, New York City, where she had resided until May 22, 1933. At the time of the notice the respondent was living at 225 Central Park West, New York City; and, for the years 1935 to 1939, inclusive, she had filed her individual income tax returns with the Collector of Internal Revenue for the Third District of New York, showing 225 Central Park West, New York City, as her then residence address.

The notice of transferee liability was returned by the postal authorities to the Internal Revenue Agent's office in Newark as undelivered; and on July 1, 1940, the same registered letter containing the

original notice was delivered manually to the respondent at her residence address (225 Central Park West, New York City) by an employee of the Bureau of Internal Revenue.

On August 31, 1940, within ninety days from the date of the original notice, the respondent filed with the Board of Tax Appeals her petition for a redetermination of the liability. She also alleged in her petition that the Board was without jurisdiction to consider the matter on its merits for the reason alleged that the Commissioner had not sent the notice of liability to the respondent at her last known place of residence. On March 10, 1941, she followed that allegation with the motion to dismiss for want of jurisdiction whereon the Board acted as above stated.

As is readily apparent, the facts reveal a rather unusual procedural situation. Within the period prescribed by law, the respondent invoked the Board's jurisdiction for a redetermination of the transferee liability found against her by the Commissioner and yet, at the same time, she denied the power of the Board to pass upon the merits of her complaint which would necessarily be a prerequisite to the granting of the relief for which she had petitioned. However, it is unnecessary for us to consider whether the respondent, having invoked voluntarily and timely the Board's jurisdiction to redetermine the liability, may then impeach the Board's competency to act in such regard, merely because of an alleged defect in the service of the Commissioner's notice of the liability. The record fails to disclose any basis for imputing a want of jurisdiction in the Board.

Section 272(a) of the applicable Revenue Act of 1938, 52 Stat. 535, 26 U.S.C.A. Int.Rev.Code, § 272(a), authorizes the Commissioner to send notice of a deficiency to a taxpayer by registered mail and confers upon the taxpayer the right to file, within ninety days after such notice has been mailed, a petition with the Board of Tax Appeals for a redetermination of the deficiency.[1] Section 272(k) provides that it is sufficient for the purposes of this title of the Act to mail the notice of deficiency to the taxpayer at his last known address.[2] This section has reference to taxpayers in general. Section 311(a) (1), 26 U.S.C.A. Int.Rev.Code, § 311(a) (1), which relates to tax liabilities arising from the receipt of "Transferred assets", expressly makes Section 272(a), and other general administrative provisions, applicable to such liabilities;[3] and Section 311 (e) provides that as to a transferee the notice of the liability shall be sufficient if mailed to the person subject thereto at his last known address.[4]

The sending of the appropriate notice in this case by registered mail and the transferee's petition for a redetermination of the liability within ninety days of

---

[1] "§ 272. Procedure in general.

"(a) Petition to Board of Tax Appeals. If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title [chapter], the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed * * * the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. * * * ."

[2] "(k) Address for notice of deficiency. In the absence of notice to the Commissioner under section 312(a) of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by this title [chapter], if mailed to the taxpayer at his last known address, shall be sufficient for the purposes of this title [chapter] even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence."

[3] "§ 311. Transferred assets.

"(a) Method of collection. The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title [chapter] * * *:

"(1) Transferees. The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax * * imposed upon the taxpayer by this title [chapter]."

[4] "(e) Address for Notice of Liability. In the absence of notice to the Commissions under section 312(b) of the existence of a fiduciary relationship, notice of liability enforceable under this section in respect of a tax imposed by this title [chapter], if mailed to the person subject to the liability at his last known address, shall be sufficient for the purposes of this title [chapter] even if such person is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence."

the date of the notice supplied the requirements of Section 272(a) so far as the Board's jurisdiction to hear and determine the matter was concerned. In Bankers Trust Company, Trustee v. Commissioner, 24 B.T.A. 10, 12, where a taxpayer filed a petition with the Board in which he failed to raise the irregularity of the notice which reached him, it was held, and we think correctly, that he thereby waived the defect in the service of notice and that the Board's jurisdiction of the subject matter properly attached when invoked by the taxpayer. The question of jurisdiction, which the transferee here poses, goes to the Board's jurisdiction of the person sought to be charged with the liability and not to the Board's power to hear and determine a question of transferee tax liability when duly invoked for such purpose by the alleged transferee.

If it be suggested that any irregularity in the service of notice of liability is not waived by the taxpayer's voluntary and timely appearance and that the provisions of Section 311(e) as to the address to which the registered notice of transferee liability is to be sent are to be read in connection with the requirements of Sec. 272(a) as to the notice to the taxpayer by registered mail, still there is nothing in the record in this case from which to conclude that the notice of June 7, 1940, was not sent by registered mail to the taxpayer's last known address.

■ The "last known address" as contemplated by Sec. 311(e) refers to "the last known address" of the person subject to liability as a transferee. This must necessarily mean the identity and residence of such person as disclosed by the books of the transferor company. Not otherwise could the Commissioner or his agents have reasonable cause to believe that the notice of liability goes to the transferee in comtemplation. When, as happened in this instance, a transferee (here, a stockholder) permits an antiquated address to be shown for him on the books of the transferor company, any inconvenience in receiving, or even failure to receive, through the mails, notice of transferee liability, directed to such address, flows from the transferee's own oversight or inattention rather than from any fault on the part of the Commissioner. To hold the Commissioner bound to know that a transferee's address as shown on the books of the transferor company is not his correct address because a person of the same name later filed individual income tax returns in another revenue district showing a different address would be as unreasonable as it is illogical.

That Congress perceived a possible variance between the last known address of a taxpayer in respect of his individual income tax returns and his liability for the tax of another as a transferee of the other's assets is suggested by the legislative history of the provision relating to the sending of notices of assessments. Prior to 1928 there was but one provision as to mailing notice to the last known address of the taxpayer and that applied generally to all taxpayers. (See Section 281 of the Revenue Act of 1926, 26 U.S.C.A. Int. Rev.Acts, page 214.) But, in the Revenue Act of 1928, Congress inserted two provisions relative to the sending of such notices, viz., Section 272(k), which still applies to taxpayers in general, and Section 311(e), 26 U.S.C.A. Int.Rev.Code, § 272(k) and § 311(e), which applies to transferees of assets. See Senate Report No. 960, 70th Cong., 1st Sess., p. 30 (1939— 1 Cum.Bull. (part 2) p. 430). And these separate provisions were carried forward substantially into the Revenue Act of 1938 (cited and quoted infra) with which we are here concerned.

■ We conclude therefore that a notice of transferee liability mailed to the address of the transferee as shown on the books of the transferor company cannot be said, as a matter of law, not to have been mailed to the last known address of the taxpayer. The brief for the Commissioner suggests that "The address of the taxpayer was undoubtedly taken from the records of the Tobacco Products Corporation showing the old address", but the Board made no finding in such regard and, in the absence of a specific finding that the notice was not mailed to the last known address of the transferee as shown on the books of the transferor company, the Board was unwarranted in concluding that the notice had not been correctly mailed, notwithstanding that there was proof that the transferee had filed individual income tax returns showing a different address.

■■ By the terms as well as by the plain implications of the pertinent statutory provision, the sufficiency of a notice of transferee liability depends upon its being sent by registered mail to the last known address of the person subject to

the liability rather than upon whether such person actually receives it. Our decision herein rests upon the ground that the Board had no factual basis for concluding that the notice by registered mail was not sent to the transferee's last known address according as such address was to be ascertained in the case of a transferee of assets. The Board should therefore have proceeded to a consideration of the transferee's timely petition for a redetermination of the liability.

The decision of the Board of Tax Appeals is reversed and the cause remanded to the Tax Court of the United States (formerly known as the Board of Tax Appeals) for further proceedings in the light of this opinion.