## ARLINGTON CORP. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13033.

United States Court of Appeals
Fifth Circuit.

July 17, 1950.

---

Edward E. Dorsey, Hal Lindsay and Travers Hill, all of Atlanta, Ga., for petitioner.

S. Dee Hanson, Ellis N. Slack, Helen Goodner, Special Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., and Charles Oliphant, Chief Counsel, Bureau of Int. Revenue, John M. Morawski, Special Attorney, all of Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

McCORD, Circuit Judge.

This appeal is from an order of the Tax Court dismissing a petition of petitioner, The Arlington Corporation, for redetermination of its liability as an alleged fraudulent transferee of the assets of Walton Hill Irwin and Mrs. Annie Lee Irwin. The Commissioner has entered a jeopardy assessment against petitioner as transferee of the above named individuals in the aggregate sum of $363,702.56, for individual income and victory taxes and 50% fraud penalties alleged to be due the Government from 1919 through 1945. The Tax Court dismissed the petition on the ground that it had no jurisdiction to redetermine the assessment because the petition for redetermination had been filed more than 90 days after mailing of the notice of deficiency.

The main questions presented are (1) whether the Tax Court correctly held that the Commissioner's notice of deficiency and transferee liability of petitioner was a sufficient statutory notice within the meaning of Sections 272(a) (1) and 311(a) (1), (e) of the Internal Revenue Code, 26 U.S.C.A. §§ 272(a) (1), 311(a) (1), (e); and (2) whether it properly granted the Commissioner's motion to dismiss for lack of jurisdiction on the ground that petitioner's petition for redetermination of liability was not filed within the statutory period of ninety days after the Commissioner mailed his notice of deficiency and transferee liability under Section 272(a) (1) of the Internal Revenue Code.

The record reveals that on May 28, 1948, the Commissioner, through the Internal Revenue Agent in charge at Atlanta, Georgia, sent by registered mail notice of alleged deficiencies in income taxes to Walton Hill Irwin and Annie Lee Irwin, in which they were advised that taxes and fraud penalties had been assessed against them for over a twenty-six year period, from 1919 through 1945, and that these back taxes and penalties due totalled $363,702.56. At the same time, a similar notice was also directed by registered mail to petitioner, as transferee of Walton Hill Irwin and Annie Lee Irwin, and this notice was addressed to "The Arlington Corporation, % George W. Creel, President, 600 South Main Street, College Park, Georgia". No such person as George W. Creel resided at this address. This was the address of Golden Ware Creel, who was president of the Arlington Corporation, and when he returned to his home he found the registered notice which had been mailed to him as George W. Creel. College Park, Georgia, is a town near Atlanta, and the mistake in the address delayed the notice reaching Golden Ware Creel for two days, and set in motion other delays, when by a cursory inquiry the name and address of the corporation's situs, and the correct name of its president could have been readily ascertained.

It was shown that although he was president of the corporation, Golden Ware Creel was not charged with the responsibility of attending to its tax affairs. Such matters were handled by T. W. Fox, petitioner's vice-president. James F. Cox, an attorney, was secretary of the Corporation, and kept the corporate records. His office was located at 1403 Citizens and Southern National Bank Building in Atlanta, and had been designated as the address of the corporation.

The deficiency notice was delivered by registered mail to the residence of Golden Ware Creel on May 29, 1948, and was thereafter received by him. That evening he delivered the notice to the Hangar Hotel, where T. W. Fox resided, which was about three miles from his home in College Park,

Georgia. Fox was not at the hotel upon his arrival, so Creel left the notice with Walton Hill Irwin, one of the primary taxpayers. The notice was held by Mr. Irwin until delivered to certain auditors for investigation and answer. It was not delivered by Irwin to the attorney who has filed this petition for redetermination until about August 8, 1948. On August 25, 1948, approximately seventeen days later, the petition for redetermination was mailed to the Tax Court in Washington, D. C., from Atlanta, but was not received and filed there until August 27, 1948, just ninety-one days after the mailing of the Commissioner's notice of deficiency.[1]

There is uncontradicted evidence to the effect that at least one of the revenue agents who made the investigation and audit of the affairs of the Irwins knew James F. Cox, Secretary of the petitioner corporation, Golden Ware Creel, its president, and T. W. Fox, its vice-president, but that this agent never asked or inquired as to the correct address of the corporation. In fact, this agent of the respondent went to the very door where the office of the corporation was located, but did not enter such office, and failed to inquire as to the corporation's correct address for the reason that only the names of certain lawyers appeared on the door of such office. Furthermore, the agents of the respondent signally failed in their duty not only to find the correct address of the corporation, but also failed to ascertain the correct name of its president.[2]

We are of opinion that in such cases the Commissioner is required to exercise reasonable care and diligence in ascertaining and mailing a deficiency notice to the correct address of an alleged transferee. See Welch v. Schweitzer, 9 Cir., 106 F.2d 885; Cf. Commissioner of Internal Revenue v. Rosenheim, 3 Cir., 132 F.2d 677, 680. Here, the statute does not require that actual notice be given a transferee, but it does require that the notice be sent "by registered mail" to the transferee at its "last known address". Title 26 U.S. C.A. Sections 272(a) (1) and 311(a) (1), (e); see also, Commissioner of Internal Revenue v. Rosenheim, 3 Cir., 132 F.2d 677, 680; Botany Worsted Mills v. U. S., 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379.

In this case petitioner stands charged with fraud, and has been penalized in back taxes and penalties by a summary assessment in the aggregate of over a third of a million dollars without ever being heard. Its petition arrived and was filed with the Tax Court on the ninety-first day after the mailing of the statutory notice by the Commissioner, and only a few hours after the time for answer is supposed to have expired.[3] Moreover, the notice of the

---

1. In this connection, the attorney handling this proceeding for the appellant corporation testified as follows:

"Approximately the 8th of August, 1948, Mr. Walton Hill Irwin brought me the 90-day letter * * * He stated that the tax matters referred to in that * * * had been in the hands of Messrs. Young, Garber and Troy, Certified Public Accountants of Atlanta, and that he had been unable to pay some $17,000 of fees which they demanded as a consideration for their filing a Petition for Redetermination in these matters. I explain to him that since 30 years of taxes were involved and because of the vast volume of work involved, with only some three weeks or less available, it would be very hard to make the deadline. However, we worked day and night and on August 24, 1948, I mailed the petition for redetermination in the case of W. H. Irwin and Annie Lee Irwin. * * * that reached Washington in the customary time, which is one day, * * * it was received in Washington on August 25. Now on August 25th, which was the following morning, I mailed the petition for redetermination, which is the bone of contention here. * * * it was received on August 27, 1948, which was two days instead of one day after mailing."

2. The Court interrogated the Revenue Agent Ehlers on this score:
Q. "Mr. Ehlers, can you tell me how you deducted this man's name was George. Did you assume that everybody with G. W. was George Washington, or something like that? A. "No, I didn't stay awake at night trying to find out how that 'George' got in there."

3. While we do not consider it of controlling importance in view of the jurisdictional issue presented, it is

Commissioner was not mailed to the "last known address" of the petitioner corporation, as required by the statute, but was improperly addressed and mailed to petitioner's president at his private residence, where the corporation had no address and where no corporate business had ever been transacted. Under the circumstances, we are constrained to believe that service of the statutory notice on petitioner's president under a fictitious name was not equivalent to service on the corporation, and that the notice was therefore wholly ineffective for non-compliance with the statute. See Welch v. Schweitzer, 9 Cir., 106 F.2d 885, 888; Carbone v. Commissioner, 8 T. C. 207. However this may be, we hold that the agents of the Commissioner were negligent in failing to ascertain by a reasonable effort the correct and "last known address" of petitioner, and that their improper addressing of the deficiency notice caused a delay in its delivery of at least one day which should be credited to petitioner so as to give the Tax Court jurisdiction over its petition. See Dilks v. Blair, 7 Cir., 23 F.2d 831; Commissioner of Internal Revenue v. Rosenheim, 3 Cir., 132 F.2d 677, 680; Welch v. Schweitzer, 9 Cir., 106 F.2d 885; Cf. Whitmer v. Lucas, 7 Cir., 53 F.2d 1006.

It follows that the decision of the Tax Court is reversed and remanded with directions to assume jurisdiction over the petition for redetermination, as amended, and grant petitioner a hearing thereon, allowing the respondent a sufficient time in which to answer under the rules. Rule 14, Rules of the Tax Court, 26 U.S.C.A. § 1111.

Reversed and remanded with directions.

RUSSELL, Circuit Judge, concurs in the judgment of reversal.

nevertheless appropriate to note that the Commissioner's motion to dismiss for lack of jurisdiction was itself filed much too late to comply with the rules of the Tax Court. Rule 14 of the Tax Court Rules, Title 26 U.S.C.A. Section 1111 provides:

"Answer. After service upon him of a copy of the petition, the Commissioner shall have 60 days within which to file an answer or 45 days within which to move in respect of the petition * * * ".

It is without dispute that petitioner's petition was filed on August 27, 1948, and that the Commissioner's motion to dismiss was not filed until January 26, 1949, approximately five months later.