JAMES A. MORGAN AND SUZANNE N. MORGAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morgan v. Commissioner
Docket No. 2708-82.
United States Tax Court
T.C. Memo 1983-314; 1983 Tax Ct. Memo LEXIS 469; 46 T.C.M. (CCH) 321; T.C.M. (RIA) 83314; June 6, 1983. Jeffrey C. Kahn, for the petitioners. Lottie G. Wolfe, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, *470 Judge: Both parties in this case have filed motions to dismiss for lack of jurisdiction. The petitioners claim that their motion should be granted because the deficiency notice was not sent to their last known address under section 6212(b).[1] The respondent on the other hand contends that his motion should be granted because the notice was sent to the last known address but the petitioners failed to file their petition within the 90 days provided by section 6213(a). FINDINGS OF FACT The facts have been fully stipulated and the stipulation together with the attached exhibits is incorporated herein by reference. The pertinent facts are summarized below. The petitioners at the time they filed their petition in this case resided in Paris, France. James A. Morgan has been a certified public accountant for many years. He is a partner in Peat, Marwick & Mitchell and while he has not been directly involved in the preparation of returns, he has over the years kept abreast of the tax laws, its procedures, and its practices. Suzanne N. Morgan *471 is a party solely because she signed the joint return in 1975 with her husband. Consequently, as used herein, the word petitioner refers only to James A. Morgan. On July 11, 1977, the petitioners filed their joint income tax return for 1975 with the respondent. A timely Form 872, Consent to Extend the Time to Assess Tax, was executed that extended the period for assessment for the 1975 year to December 31, 1980. On December 19, 1980, the respondent issued a notice of deficiency in the amount of $35,837 with respect to the 1975 return. The notice, sent by certified mail, was addressed to the petitioners at their residence in Connecticut, the address shown on the return. The petitioners, however, were no longer residing in Connecticut, having moved to Paris on August 22, 1979. The notice was returned by the postal authorities to the respondent. More than 90 days after the notice was issued, the respondent assessed against the petitioners the deficiency shown in the notice plus interest and other statutory additions. On July 24, 1981, the respondent's collection office sent the petitioners at their address in Paris a form which demanded immediate payment of the deficiencies *472 and additions totaling $51,572.63. Upon receipt of the demand for payment, the petitioner contacted respondent's collection office, and was advised that the assessment for 1975 had been made after a deficiency notice was issued to him and his wife and after they had failed to file a timely petition with this Court. At his request, the collection office on October 23, 1981, sent the petitioners a copy of the statutory notice. The copy of the notice was mailed to the petitioners at their Paris address. The petitioners filed their petition in this Court on February 5, 1982, which was 413 days after December 19, 1980, and 105 days after October 23, 1981. OPINION With respect to a deficiency in income tax, the Secretary of the Treasury or his delegate is authorized to send to the taxpayer a notice of deficiency by certified or registered mail. Section 6212(a). The notice is sufficient if it is mailed to the taxpayer's last known address. Section 6212(b)(1). Once a sufficient notice of deficiency is issued the taxpayer has 90 days within which he can file a petition with this Court and litigate the correctness of the deficiency without first paying the same. [2] Section 6213(a). *473 If the taxpayer fails to file a petition within 90 days he can no longer litigate the case in this Court and the deficiency is assessable. Section 6213(c); Shelton v. Commissioner,63 T.C. 193 (1974). Once the deficiency is properly assessed, the taxpayer can still have it litigated but only by following the refund procedures which require among other things that he first pay the deficiency. From the foregoing it is apparent that the basic issue in this case is whether or not the notice of deficiency dated December 19, 1980, and sent to the petitioners at their Connecticut address, was sufficient under section 6212(b). If it was sufficient the petition is obviously untimely, this Court does not have jurisdiction over the case, and the assessment made thereunder is valid. To contest the matter further the petitioners would have to pay the assessment and file a claim for refund. On the other hand, under the facts herein where the notice was not received within the required time to file a timely petition, if the notice as issued was not sufficient *474 the underlying assessment is invalid and cannot be collected by the respondent. O'Brien v. Commissioner,62 T.C. 543 (1974); Looper v. Commissioner,73 T.C. 690 (1980). Since the notice was sent to the Connecticut address, it was sufficient under section 6212(b) if at that time the Connecticut address was the petitioners' last known address. Neither the Code nor the regulations define what constitutes a taxpayer's last known address under section 6212(b). Crum v. Commissioner,635 F.2d 895 (D.C. Cir. 1980). However, previous cases on this issue have established certain principles, which when applied to this case, are as follows: (1) on the notice for 1975 the respondent was entitled to use the Connecticut address, as shown on the 1975 return, unless the petitioners can establish that on the date of the notice the respondent knew, or with the exercise of reasonable diligence, should have known, that petitioners had changed their address from Connecticut to Paris; and (2) in determining whether or not the respondent knew or, with the exercise of reasonable diligence should have known, of the change in address, we must consider all *475 of the relevant facts and circumstances. Luhring v. Glotzbach,304 F.2d 556, 558-559 (4th Cir. 1962); Lifter v. Commissioner,59 T.C. 818, 821 (1973); Budlong v. Commissioner,58 T.C. 850, 852 (1972); Stewart v. Commissioner,55 T.C. 238, 241 (1970); McCormick v. Commissioner,55 T.C. 138, 141 (1970); Marvin v. Commissioner,40 T.C. 982, 984-985 (1963); Arlington Corporation v. Commissioner,183 F.2d 448 (5th Cir. 1950); Crum v. Commissioner,supra.
The petitioners admit that they cannot show that prior to December 19, 1980, specific notice was given to the respondent of the change in their address. They contend, however, that under all of the circumstances which existed at or prior to the date of the notice of deficiency the respondent knew that the change in address had occurred. In support of this contention, they point to the following: (1) In the early part of October 1979, they filed their 1978 income tax return with the respondent and indicated on that return that their "present home address" was in Paris; (2) By letter dated October 10, 1979, the *476 respondent used petitioners' Paris address in order to acknowledge receipt of their 1978 return and to advise them that it was being sent to the Service Center at Philadelphia because that office was where their account and records were kept; (3) By letter dated December 17, 1979, the respondent used petitioners' Paris address in order to advise them that a mathematical error in their 1978 return had been corrected; (4) In November of 1980, the return for 1978 was audited in Paris by an agent for respondent; (5) By letter dated February 12, 1981, the respondent used their Paris address in order to request that they sign a form extending the statute of limitations with respect to their 1977 return; (6) By letter dated May 5, 1981, the respondent used their Paris address in order to request an extension of the statute of limitations with respect to their 1976 return; and (7) On July 24, 1981, the respondent used their Paris address in order to forward the demand for immediate payment of the 1975 deficiency. From the foregoing the petitioners argue that their 1978 return constituted actual notice to the respondent of the change in their address from Connecticut to Paris. *477 They further argue that the respondent obviously knew of the change shown on the 1978 return because on five different occasions thereafter he corresponded with them at the Paris address and in November of 1980, his agent audited the 1978 return in Paris. Therefore, they contend that on December 19, 1980, the statutory notice was not sent to the address last known to the respondent. In the alternative the petitioners contend that even if the 1978 return did not constitute actual notice to the respondent of their change in address, the respondent failed to use due diligence in ascertaining their correct address at the time the notice was issued. For his part, the respondent first contends that we must direct our inquiry to the moment the notice was issued and to the taxable year under consideration. He argues that evidence of any event which transpired after the notice was issued or which transpired with respect to any taxable year other than 1975 is not relevant and is not admissible. Secondly, he contends that under applicable case law, the different address shown on the petitioners' 1978 return did not constitute notice to the respondent of a change in the address shown *478 on their 1975 return. Finally, the respondent contends that under all the relevant circumstances of this case he used reasonable diligence in ascertaining on December 19, 1980, that the Connecticut address was the proper place to send the notice of deficiency. We agree with respondent that our inquiry must be directed to the time the notice was issued. We must determine what was the correct address for the notice under the circumstances then known to the respondent or which in the exercise of reasonable diligence could have been known to him at that time. Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976); Crum v. Commissioner,supra. However, we cannot agree that evidence of events occurring after the date of the notice is irrelevant and inadmissible. Neither can we agree that evidence as to tax years other than 1975, the year in dispute, is not admissible. In our view any evidence is relevant and must be considered by us which tends to establish what the respondent knew or should have known at the time the notice was issued. The date upon which the *479 evidentiary event occurred, whether before or after the notice, or the taxable year to which it relates, is of no consequence. To be relevant the event need only have a "tendency to make the existence of" what the respondent knew or should have known on the date of the notice "more probable or less probable than it would be without the evidence." Rule 401, Federal Rules of Evidence.
Consequently, we conclude that correspondence directed by the respondent to the petitioners after the date of the notice is relevant and admissible so long as such correspondence tends to show what the respondent knew or should have known on the date of the notice. We reach the same conclusion with respect to information furnished to the respondent by the petitioners with respect to taxable years other than 1975 including information contained in their 1978 return, and in correspondence concerning their 1976, 1977 and 1978 returns. We are aware, of course, that a new address shown on a subsequent return does not, by itself, constitute sufficient notice to the respondent of a change. Budlong v. Commissioner,58 T.C. 850, 852 (1972); Alta Sierra Vista, Inc. v. Commissioner,supra. *480 However, a new address shown on a subsequent return is one of the circumstances to be considered in deciding whether or not the respondent used reasonable diligence. Crum v. Commissioner,supra;Weinroth v. Commissioner,74 T.C. 430 (1980). In this case we are forced to conclude that such diligence was not exercised. The respondent was not only furnished with the Paris address on a subsequent return but he actually used that address on five different occasions in order to correspond with the petitioners. In fact, our examination of the record indicates that the old Connecticut address was only used by the respondent on three occasions after the 1978 return was filed. Unfortunately, one of these occasions was the issuance of the 1975 notice. The other two were with respect to the respondent's requests for further extensions of the 1975 year. The respondent first requested a further extension in a letter dated September 4, 1980, addressed to the petitioners at their old address. This letter was forwarded to the petitioners in Paris but they did not reply. By letter dated October 20, 1980, the respondent again requested an extension. This *481 letter was returned to the respondent on October 27, 1980, and was in the file maintained by the respondent on the petitioners when the notice was prepared nearly two months later. In this case, we attach considerable importance to the explanation of the respondent's agent as to why he ignored this returned letter at the time he prepared the notice and sent it to the old Connecticut address. The agent knew at the time that the respondent maintained a computer containing the address of the petitioners as disclosed by their latest returns. He also knew that the computer could be consulted in less than one day in an emergency, or in less than a week in a routine case. He stated he did not check the computer for their address because under his usual procedure this computer was not consulted unless "the case file indicates a problem with the taxpayer's address." He further stated that the returned letter of October 20 did not indicate such a problem to him because "taxpayers often refuse to accept mail from the Internal Revenue Service." However, his assumption that the letter had been refused by the petitioners is not supported by his file. The file did not contain the envelope *482 in which the letter was mailed and returned, and consequently the file did not reflect why it was returned. The presence of this letter in the file was in our opinion an indication that some problem did exist with respect to delivery at the address used. Due diligence would have required that the computer be consulted as it was in the next year. The same agent issued a notice of deficiency with respect to the 1976 return. The notice dated August 24, 1981, was directed by the agent to the petitioners at their address in Paris as well as to their old address in Connecticut. The agent got the Paris address in 1981 by consulting the computer. He consulted the computer because a letter requesting an extension of the statute of limitations on 1976 was returned to the respondent. Obviously, the use by the agent of the same procedure in 1980 when the letter on the 1975 request was returned would have resulted in the 1975 notice being sent to the petitioners in Paris. We conclude, therefore, that the agent failed to use reasonable diligence in ascertaining the correct address for the 1975 notice. In reaching this conclusion, we have considered but attach little significance to the *483 respondent's argument that when the petitioners received in Paris the respondent's request for an extension on the 1975 return which was sent on September 4, 1980, to their Connecticut address, they knew or should have known that the respondent was still using their Connecticut address and that by not advising respondent of the error they consented to the use of that address. Respondent claims that with Mr. Morgan's experience as a CPA he especially knew or should have known this was the case. The same reasoning, however, based upon his experience would lead to the conclusion that since the respondent had used the Paris address on correspondence dealing with the 1978 return the petitioners could reasonably conclude that the respondent was aware of their change in address from that shown on their 1975 return. We also attach little significance to the fact that the audit of the 1975 return, including the issuance of the notice, was done by the District Director at Hartford while the 1978 return containing the new address was filed with the Service Center at Andover and transferred by that office to the Service Center at Philadelphia. Frequently two or more agents or offices of *484 the respondent will be involved in processing different returns of the same taxpayer. Obviously a centralized computer containing the addresses of taxpayers as disclosed by their latest returns was established by the respondent in order to avoid or at least minimize the problems stemming from this fact. The establishment and maintenance of such a computer is commendable. The failure to use it under the circumstances of this case is not the exercise of due diligence. Crum v. Commissioner,supra.
As indicated above, we have concluded that the respondent failed to use due diligence on December 19, 1980, when he mailed the 1975 notice to the Connecticut address. The use of such diligence at that time would have resulted in the notice being sent to the Paris address. Therefore, the notice was not sufficient. Crum v. Commissioner,supra;Shelton v. Commissioner,supra.Petitioners' motion to dismiss will be granted and respondent's motion will be denied. An appropriate order will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended during the year in issue, unless otherwise indicated.↩
2. The taxpayer has 150 days to file the petition if the notice is addressed to a person outside the United States.↩