## CASTLE v. UNITED STATES.
### No. 42041.

Court of Claims.
Jan. 11, 1937.

Roscoe M. Ewing, of Cleveland, Ohio (Walter A. Bolinger, of Washington, D. C., on the brief), for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

There is no dispute as to the facts. The plaintiff failed to file income tax returns for the years 1917 to 1922, inclusive. In June, 1923, plaintiff filed delinquent tax returns upon which taxes and penalties were assessed. Plaintiff paid these taxes and settled the penalties pursuant to an offer of compromise accepted by defendant. Later, and on March 3, 1924, the Commissioner assessed additional taxes and penalties against plaintiff in the total amount of $440,276.45. In the same year he was indicted for violation of the statute with reference to making income tax returns for the years 1921 and 1922. The indictment was in two counts, and on June 15, 1925, he withdrew his plea of "not guilty" and entered a plea of "guilty." On September 15, 1925, he was sentenced on each count to one year in the workhouse and fined $10,000. After some proceedings with reference to the taxes and penalties last imposed upon him, plaintiff took an appeal to the Board of Tax Appeals. On June 29, 1927, pursuant to a stipulation of the parties, the Board entered an order fixing the amount of taxes and penalties against plaintiff for the years 1917 to 1922, inclusive, in the total sum of $122,467.95. Subsequently an agreement for compromise and settlement of the civil and criminal

liabilities of plaintiff to the government was entered into between the parties under which the President made an order remitting the $10,000 fine under the second count of the indictment and further criminal proceedings against him were dismissed. The plaintiff complied with his part of the agreement by paying on September 12, 1928, all taxes and penalties assessed against him and the fine of $10,000 imposed under the first count of the indictment and making a settlement of the interest claimed by the government. Later, on September 4, 1930, plaintiff filed claims for refund of taxes and penalties for the years 1917 to 1921, inclusive, aggregating $83,854.89. These claims were rejected by the Commissioner on the ground that the taxes and penalties for these years had been closed by a stipulation and order entered by the Board of Tax Appeals, and plaintiff now brings this suit to recover the amount paid. The argument on behalf of plaintiff, however, concedes that the plaintiff has no valid claim for a refund of the taxes paid and proceeds with the action only so far as it may relate to the recovery of penalties.

The contention of the plaintiff is that the penalties imposed for the years 1921 and 1922 were for the same offense for which he had previously been fined and imprisoned and consequently were collected in violation of the provision of the Fifth Amendment to the Constitution providing: "Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

With reference to the years 1917 to 1920, inclusive, the plaintiff claims that in June, 1923, defendant assessed and plaintiff paid income taxes and penalties for violation of the statutes with reference to making returns; that plaintiff made an offer to compromise the liability so created, which offer was accepted by the defendant and the amount so assessed was accordingly paid. The plaintiff also alleges that on September 12, 1928, further penalties for negligent failure to file returns were assessed against him for the years 1917 to 1920 in the total amount of $16,668.06, which sum was subsequently collected. Plaintiff contends as to these years 1917 to 1920, inclusive, that defendant having imposed penalties for failure to make a return of the taxes first assessed was prohibited from collecting further penalties on a later assessment for failure to file returns by reason of the inhibition of the Fifth Amendment as to double jeopardy and also because the plaintiff had made a compromise settlement of the taxes and penalties first imposed.

It is not necessary, however, to consider whether the claim of the plaintiff last stated with reference to penalties being twice assessed and collected is based on any legal foundation as the defense set up by the defendant applies to this claim equally with the claim of double jeopardy first made. But it may be said in this connection that the Commissioner doubtless acted upon the theory that as the penalties imposed were a certain percentage of the taxes assessed, the assessment of additional taxes warranted the assessment of additional penalties.

It will be observed that if the contention of plaintiff as to double jeopardy is sustained it would be impossible to enforce against a violator of the law a sentence for a criminal offense and also a penalty in a civil case for the same violation. The decisions of the courts upon the question so raised do not seem to be entirely harmonious, at least in the language used, but we think the cases cited in behalf of plaintiff involved a different question than is now before the court. Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872, was not a case where a civil penalty and a criminal punishment were imposed for the same offense, but one in which the accused was tried twice on the same criminal charge. In Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684, the criminal offense involved the forfeiture of the property used in its commission and, unless a criminal offense had been committed, the property could not be forfeited. In the case at bar the penalty could be imposed without a criminal prosecution. In United States v. Chouteau, 102 U.S. 603, 26 L.Ed. 246, it was held that a compromise entered into with the government released the defendant from liability for the offenses charged and further punishment for them. In United States v. La Franca, 282 U.S. 568, 51 S.Ct. 278, 75 L.Ed. 551, the decision seems to have been based largely on the special provisions of the act declaring that a conviction under the National Prohibition Act (27 U.S. C.A.) should be a bar to prosecution under other acts, and it was finally concluded by the court to so construe the law that there would be no question about its constitutionality.

On the other hand, in Hanby v. Commissioner, 67 F.(2d) 125, the Circuit Court of Appeals for the Fourth Circuit sustained the position of the defendant in the case at bar, which is, as stated in People v. Stevens, 13 Wend. (N.Y.) 341, 342, that: "It is undoubtedly competent for the legislature to subject any particular offense both to a penalty and a criminal prosecution; it is not punishing the same offence twice. They are but parts of one punishment; they both constitute the punishment which the law inflicts upon the offence. That they are enforced in different modes of proceeding, and at different times, does not affect the principle. *It might as well be contended that a man was punished twice, when he was both fined and imprisoned, which he may be in most misdemeanors.*" (Italics ours.)

The Board of Tax Appeals has had before it two cases which involved the same question which is now raised in the case at bar. These cases were Scharton v. Commissioner, 32 B.T.A. 459, and Mitchell v. Commissioner, 32 B.T.A. 1093. In the last-named case, the authorities were considered and reviewed at length and the Board held adversely to the contention now made by plaintiff. Two members dissented; one on the ground that the judgment rendered in the criminal prosecution against Mitchell was res adjudicata as to the civil case; the other member held that it was an absolute bar. The Board did not place its decision on the same grounds as were set forth in Hanby v. Commissioner, supra, but its decision is well reasoned.

We think it is not without weight in considering a case of this nature that Congress and the Legislatures of the several states for more than a hundred years have shown by almost innumerable enactments that they did not consider the Fifth Amendment to the Constitution as preventing the imposition of both a civil and criminal liability for a violation of the law. This also seems to be the view of learned commentators on this branch of the law. Paul and Mertens in their service entitled "Law of Federal Income Taxation," vol. 5, par. 48.50, state the rule to be as follows: "Payment of Tax and Payment of Ad Valorem Penalty Does Not Discharge Criminal Liability. A person does not escape criminal responsibility by paying additional taxes claimed by the Commissioner * * *. Nor does the imposition of an ad valorem penalty relieve him from a criminal prosecution. * * * Conversely, the criminal conviction does not bar the assessment of the ad valorem penalty." (Citing cases.)

To this we will add that the imposition of the penalty merely established a debt to the government. If the plaintiff failed to pay, nothing could be done that affected his person and it is difficult to see how he was "put in jeopardy of life or limb." We do not, however, find it necessary to pass on the issue of former jeopardy raised by plaintiff in view of our conclusion upon the affirmative defenses set up by defendant.

The defendant presents several defenses to the claim made by the plaintiff. One defense is that the basis of the suit was not stated in any claim for refund filed by the plaintiff.

No claim for refund was filed for the year 1922. The only claims for refund filed were for the years 1917 to 1921, inclusive. Plaintiff's contention that he was subjected to double jeopardy by the imposition of a penalty in addition to the tax was not asserted as a basis of the refund in any claim filed by him with the Commissioner. The claim for the year 1917 asserted that the tax and penalty for that year were barred from collection by the statute of limitations and that such collection was erroneous because a compromise had been previously effected as to the year 1917. The claims for the years 1918, 1919, and 1920 were identical except as to amounts claimed and asserted that penalties collected for those years were erroneous because of compromises previously effected in accordance with the decision of the Board of Tax Appeals and the statutes. The claim for the year 1921 referred to alleged errors in the method of computing the tax. That the taxpayer cannot recover on a claim for refund of a tax paid when the grounds set forth in the refund claim are entirely different from those upon which the suit is based is well settled. United States v. Felt & Tarrant Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; Rock Island, etc., R. R. Co. v. United States, 254 U.S. 141, 41 S.Ct. 55, 56, 65 L.Ed. 188. In the last case cited it is said: "If it [the government] attaches even purely formal conditions to its consent to be sued those conditions must be complied with."

It seems to be assumed by counsel for plaintiff that the acts of defendant's

officials were unconstitutional, null, and void in that they imposed double jeopardy on the plaintiff. Conceding here for the sake of the argument that the penalty involved was imposed on the plaintiff in violation of the Constitution, this does not prevent the government from prescribing the terms upon which it may be sued, providing these terms are reasonable and afford a complete remedy to the party aggrieved as they do in this case. Plaintiff having failed to comply with these terms cannot recover. It is contended on the part of the plaintiff that the penalty exacted is not a tax and that the statute with reference to refunds of taxes unlawfully collected does not apply. We think this contention also is not well founded. In the case of Bankers' Reserve Life Co. v. United States, 42 F.(2d) 313, 70 Ct. Cl. 379, the plaintiff set up that under the decision of the Supreme Court in National Life Ins. Co. v. United States, 277 U.S. 508, 48 S.Ct. 591, 72 L.Ed. 968, the section of the revenue act under which the tax in controversy was imposed was held to be unconstitutional and void and it was contended that the money which had been collected under it was not in legal contemplation a tax, but this court applied the taxing statutes nevertheless.

We are inclined to think the penalty is merely an addition to the tax. At all events, it can only be refunded upon compliance with the same conditions that are attached to the refunding of a tax. Section 3226 of the Revised Statutes, as amended by Revenue Act 1926, § 1113(a), 44 Stat. 116, with reference to the filing of claims for refund and suit thereon makes it clear that the law was intended to apply to penalties as well as taxes. It reads: "No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim * * * nor after the expiration of five years from the date of the payment of such tax, penalty, or sum." And section 3228, as amended by Revenue Act 1928, § 619(c), 45 Stat. 878 (26 U.S.C.A. § 1433 and note), further provides: "(a) All claims for the refunding or crediting of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, * * * or in any manner wrongfully collected must * * * be presented to the Commissioner [of Internal Revenue] within

four years next after the payment of such tax, penalty, or sum."

■ This is not all that stands in the way of the recovery of the plaintiff. As above stated, the plaintiff took an appeal to the Board of Tax Appeals for a redetermination of the deficiency assessed against him by the Commissioner of Internal Revenue for the years 1917 to 1922, inclusive. His petition was filed subsequent to the enactment of the Revenue Act of 1926 (44 Stat. 9). When the cause came on for hearing, the parties stipulated the deficiencies in taxes for these years and the amount of penalties, and in accordance with the stipulation, the Board, on June 29, 1927, entered its order of final determination that the plaintiff owed taxes and penalties for the years 1917 to 1922, inclusive, aggregating $122,467.95. Without setting out in detail the provisions of the statute, it may be said that it is plain that upon the failure of the plaintiff to take an appeal to the Circuit Court of Appeals the decision of the Board became final under section 1005 (a) (1) of the Revenue Act of 1926 (26 U.S.C.A. § 640(a) (1).

■ There is still another reason why plaintiff cannot recover in this case.

On July 23, 1928, the Union Trust Company, acting for the plaintiff, advised the collector that they were holding in escrow $88,121.47 available for payment to the collector of internal revenue upon the delivery of a receipt in full for all taxes, penalties, and interest for the years 1913 to 1922, inclusive, and the year 1924, due and payable by Charles J. Castle, together with a receipt in full for the payment of the $10,000 fine imposed against him under count one of the indictment previously referred to. This payment was also conditioned on the remission of the fine of $10,000 imposed under count two of the indictment and the dismissal by nolle prosequi of other criminal proceedings pending against him. On July 26, 1928, the attorneys for the plaintiff wrote a letter to the collector stating an offer in compromise in substantially the same terms. This offer of compromise was accepted on September 7, 1928, and the President issued an order remitting the $10,000 fine under count two on the condition that the $10,000 fine imposed under count one be paid and the plaintiff pay the government a sum of money equal to the total tax and penalty due and compromise the

interest, all of which was accordingly done by the plaintiff, the total taxes and penalties being paid on September 12, 1928, and the indictment against him for the year 1924 was nolle prossed.

The compromise offer made by the plaintiff, the acceptance thereof on the part of the defendant, and the compliance of both parties therewith constituted a contract of settlement fully carried out. The plaintiff availed himself of important favors which constituted full consideration for the contract, and is now precluded from repudiating it. Authorities to support this conclusion, we think, are unnecessary.

We concluded that three matters appear in the case, each of which is sufficient to prevent a recovery on the part of the plaintiff:

(1) The failure to file a claim for refund stating the grounds upon which suit is now brought;

(2) The judgment of the Board of Tax Appeals fixing the amount of taxes, penalty, and interest due from him;

(3) An executed contract of settlement.

It is therefore ordered that plaintiff's petition be dismissed.