## UNITED STATES v. PRINCE.

United States District Court
S. D. New York
April 26, 1954.

Arthur S. Ecker, Asst. U. S. Atty., New York City, for plaintiff.

Morris D. Forkosch, New York City, for defendant.

RYAN, District Judge.

The Government by this suit seeks to enforce collection of unpaid taxes due on the 1931 income of defendant's deceased wife, Helen Orr Prince. It asks judgment against the defendant personally under the "trust fund" doctrine, as transferee of the assets of the estate of the deceased.

The following facts appear undisputed:

1. Helen Orr Prince (Mrs. Frank J. Prince) died on June 16, 1932 leaving a last will in which she named her husband, the defendant, sole residuary legatee and executor.

2. Prior to her death and on February 25, 1932 Mrs. Prince had filed a tax return on her income for the calendar year 1931. The address given on the face of the return was "Apt. 104, Hotel English, Indianapolis, Indiana."

3. On February 23, 1934 the Commissioner of Internal Revenue in accordance with Section 272 of the Revenue Act of 1928, mailed to "Mr. Frank J. Prince, Executor, Estate of Mrs. Frank J. Prince, deceased, Suite 1102, 4 West 37th Street, New York, New York," a notice that the determination of the income tax liability of Mrs. Frank J. Prince, De-

ceased, for the year 1931, disclosed a deficiency of $6,096.26. This notice although improperly addressed and returned by the Post Office Department was later received by the defendant.

4. On April 14, 1934, the defendant, as "Executor of the Estate of Mrs. Frank J. Prince, deceased," filed a petition for redetermination of the deficiency with the United States Board of Tax Appeals. In this petition the defendant alleged that "The notice of deficiency * * * was mailed to the petitioner on February 23, 1934," and the defendant, as executor, raised no objection to the manner or timeliness of the service of the notice. This petition recited that the petitioner was "Frank J. Prince, Executor of the Estate of Mrs. Frank J. Prince, deceased, 4 West 577th Street, No. 1102, New York, New York."

5. On May 31, 1935, the Board of Tax Appeals entered its order, which recited that the "proceedings came on for hearing on the merits," that "there was no appearance on behalf of the petitioner, counsel for the respondent (i. e. the Government) moved to dismiss and to find a deficiency in the amount of $4,-056.96 for 1931, such amount being less than that shown in the deficiency letter," and it dismissed the proceedings "for lack of prosecution" and stated that there was "a deficiency for 1931 in the amount of $4,056.96."

6. On June 20, 1934, pursuant to a decree of the Probate Court of Marion County, Indiana, the defendant as executor of the will of his deceased wife turned over to himself as residuary legatee the undistributed assets of her estate amounting tc $22,818.09.

7. On September 13, 1935 the Commissioner of Internal Revenue entered and determined an assessment against "Est. of Mrs. Frank J. Prince, Dec'd, Frank J. Prince, Exec., Suite 1102, 4 W. 37th Street, New York, N. Y." in the amount of $4,056.96 and interest to September 13, 1935 of $851.02, totaling $4,-907.98.

8. No part of this assessment has been paid, although payment was demanded of the estate and of the defendant as distributee of the estate.

9. This suit was commenced by the filing of the complaint herein on September 11, 1941 and was not brought on for trial until the March 1954 Term.

It was contended on trial by the Government that the order of the Board of Tax Appeals of May 31, 1935, was entered under an oral agreement or stipulation made by the attorneys for the Government and for the defendant, as executor of the estate of his deceased wife. This was put in issue by the defendant; on this factual question the Government has sustained its burden of proof and has established by a preponderance of credible evidence that such an oral agreement and stipulation was made.

Since the Government has not elected to pursue the remedy afforded by Section 311(b)(1) and (2) of the Internal Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, p. 753, but seeks to enforce collection through a common law "trust fund" liability, the conditions precedent to suit under this section need not have been performed. Specifically, the formal assessment of tax deficiency against a transferee of assets required by Section 311 is not a prerequisite to suit against him under the "trust fund" theory. United States v. Fisher, D.C., 57 F.Supp. 410; Leighton v. United States, 289 U.S. 506, 53 S.Ct. 719, 77 L. Ed. 1350; Rosenberg v. McLaughlin, 9 Cir., 66 F.2d 271, certiorari denied sub. nom. Rosenberg v. Lewis, 290 U.S. 696, 54 S.Ct. 132, 78 L.Ed 599. It is immaterial that defendant came into possession of the assets of the estate by reason of an order of the Probate Court of Marion County which had jurisdiction of the administration of the decedent's estate. The assets of a deceased taxpayer are primarily liable for payment of federal income taxes; and this priority cannot be impaired by a state court proceeding to which the government has

chosen not to submit as a creditor. United States v. Fisher, supra; 31 U.S. C.A. § 191.

Defendant has pleaded the statute of limitations and alleges that suit was not commenced within six years of assessment as required by Section 276(c)(1), 1928 Internal Revenue Act, 26 U.S.C.A. Int.Rev.Acts, p. 430, and that assessment of the alleged deficiency was not made within the time and in the manner provided by Sections 272(a) and 275(a), 1928 Int.Rev.Acts. The questions of law presented by this defense are whether this suit was timely brought and whether the deficiency assessment was timely made.

■ The statutory time for assessment against the estate of the deceased would have expired on February 25, 1934—two years after the filing of the return, Section 275(a), supra, except for the notice of deficiency sent to the defendant as executor on February 23, 1934. This operated to extend the time within which assessment could be entered until sixty days after the decision of the Board of Tax Appeals had become final. Section 272(a), supra.

■ Defendant claims that the notice mailed pursuant to Section 272(a) was improperly addressed and therefore ineffective to extend the time within which an assessment could be entered. Doubtless, if an improperly addressed notice of deficiency was sent out, and the taxpayer was not given notice of the deficiency determination and could not timely petition the Board of Tax Appeals for review, the limitation of Section 275(a) would not be extended. But that situation is not here present. The statutory notice of deficiency came to defendant's attention; as executor he instituted proceedings before the Board for review of the assessment based upon the deficiency notice. The filing of a petition before the Board for a redetermination of assessment has been held conduct inconsistent with a subsequent plea that the deficiency notice was legally insufficient.

Commissioner of Internal Revenue v. New York Trust Co., 2 Cir., 54 F.2d 463; Commissioner of Internal Revenue v. Rosenheim, 3 Cir., 132 F.2d 677.

The facts here are basically similar to those in Continental Products Co. v. Commissioner, 1 Cir., 66 F.2d 434. There, the taxpayer contended that collection of a tax for 1918 was barred by the statute of limitations because no deficiency notice was sent by the Commissioner. It was held that the taxpayer was estopped from making this claim, for he had treated a letter from the Commissioner as a "deficiency" letter and so referred to it in his petition to the Board of Tax Appeals. The court added,

"But the shorter and conclusive answer to the petitioner's contention is that such brazen repudiation by a party of its own acts and assertions, on which the other party evidently relied, is not legally permissible." 66 F.2d at page 435.

■ Here, defendant, as executor, asserted there was jurisdiction in the Board of Tax Appeals by filing a petition reciting the mailing of a notice of deficiency and failing to allege that the notice was defective. The Government relied on this by not assessing the defendant personally under the longer statute of limitations applicable to fiduciaries and transferees under Section 311. As in Continental Products Co., the defendant transferee here being in privity with the executor will not be allowed to repudiate his previous assertion that the Board of Tax Appeals had jurisdiction, the Government having relied on that assertion. That defendant in his individual capacity was not a party to this is immaterial. The executor of a deceased taxpayer has authority to waive a period of limitation for assessment and collection of tax even where there is want of authority to do so under state law. Colonial Trust Co. v. United States, 55 F.2d 512, 73 Ct.Cl. 549, certiorari denied 286 U.S. 560, 52 S.Ct. 643, 76 L. Ed. 1294. Where the executor is es-

topped to assert the statute of limitations against the United States those in privity with him will also be estopped. Defendant may not, now, by this method collaterally attack a valid decision of the Board which he as executor had every opportunity to have judicially reviewed. "It is an established principle that one who prosecutes a suit in the name of another to establish and protect his own rights, or who assists in the prosecution of an action in aid of some interest of his own, is bound by the judgment. Souffront v. La Compagnie, etc., 217 U.S. 475, 487, 30 S.Ct. 608, 54 L.Ed. 846." Buzard v. Helvering, 64 App.D.C. 268, 77 F.2d 391, 395. It would be inequitable to hold that defendant is not estopped from denying that the notice of deficiency mailed by the Commissioner tolled the statute of limitations on February 23, 1934.

Having concluded that objection to the regularity and timeliness of service of the notice of deficiency may not be urged, I consider now the validity of the assessment subsequently made.

There remains to be determined when the decision of the Board of Tax Appeals became final for this bears directly on when the statute of limitations on assessment again commenced to run.

Under Section 601(c) and (d), 1928 Revenue Act, 26 U.S.C.A. Int.Rev. Acts, p. 455, it is provided that a decision of the Board of Tax Appeals dismissing a petition for redetermination of assessment is rendered on the day the order is entered. Section 1001(a), 1926 Revenue Act, as amended by Section 1101 (a), Act of 1932, 26 U.S.C.A. Int.Rev. Acts, p. 652, provides that decisions of the Board of Tax Appeals may be judicially reviewed by the filing of a petition to review within three months after the decision is rendered. Section 1005 (a), 1926 Act, 26 U.S.C.A. Int.Rev.Acts, p. 314, provides that a decision of the Board of Tax Appeals becomes final "Upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time". No such petition was filed by the defendant; the decision of the Board therefore became final on August 31, 1935—three months after it was rendered.

Defendant contends that the general provision of Section 1005(a) regarding finality of Board decisions is inapplicable, since here it was a decision based on a consent dismissal which could not be appealed and therefore became final on the date it was rendered—May 31, 1935. I have noted the agreement underlying the dismissal and reduction in the assessment. This agreement has no effect on the provision of Section 1005(a) as to when the order of dismissal became final. A contention similar to this was rejected in White's Will v. Commissioner, 3 Cir., 142 F.2d 746, 749, note 5, in the following language:

"The taxpayers contend * * * that the provisions of Section 1140, specifying when a decision of the Board shall become final, are not applicable to decisions of the Board or the Tax Court entered on a stipulation. * * * Though the Board acted pursuant to a stipulation, its decision was a judicial act and not simply an agreement between the parties. Such a decision is not removed from the ambit of statutes governing litigation before the Board. Section 1140 applies to every decision of the Board. The fact that Section 1140(a) provides that a decision shall become final upon the expiration of the time allowed for filing a petition for review, if no such petition has been filed, does not make Section 1140 inapplicable to a decision entered on a stipulation from which, of course, no appeal was taken."

See also Castle v. United States, 17 F. Supp. 515, 520, 84 Ct.Cl. 300.

These general provisions were intended to create certainty and uniformity in tax appeal procedure, and have been

applied to dismissals for failure to prosecute. Monjar v. Commissioner, 2 Cir., 140 F.2d 263.

■ The decision of the Board became final on August 31, 1935. The elapsed time between the filing of the return by the taxpayer for the year 1931—February 25, 1932—and the mailing of the notice of deficiency—February 23, 1934—was one year, eleven months and twenty-nine days. But for Section 277, 1928 Revenue Act, 1932 and 1934 Revenue Acts, the Commissioner would have had to make an assessment of the deficiency within two days from August 31, 1935, but that section provided:

"The running of the statute of limitations provided in section 275 * * * on the making of assessments * * *, in respect of any deficiency, shall * * * be suspended * * *, until the decision of the Board becomes final, and for 60 days thereafter."

The assessment of September 13, 1935 was well within these sixty days and was, consequently, a valid assessment upon which to bring suit.

Hoosac Mills Corporation v. Commissioner, 1 Cir., 75 F.2d 462, does not support a contrary statutory construction. The court there was concerned with the retroactive effect, if any, of the Internal Revenue Act of 1926 and a waiver of the statute of limitations which gave the Commissioner additional time within which to assess a deficiency. It was there said:

"We think Congress, when it provided by section 277(b) of the 1926 Act, that the running of the statute of limitations was suspended during the period in which the Commissioner was prohibited from assessing a deficiency tax, and for 60 days thereafter, did not thereby intend to extend the time for assessing a deficiency tax beyond the 60 days therein mentioned, by adding the unexpired period of a waiver, if any, after the notice of a deficiency tax was mailed; but merely to suspend the tolling of the statute of limitations * * * for 60 days after the decision of the Board became final." 75 F.2d at page 464.

I conclude that the assessment was timely made. In Hoosac, the parties removed from the case by concession the question regarding finality of a Board decision entered upon a stipulation, and no judicial finding as to that date was made. This is not so here.

■ That the address of defendant, as executor, was incorrectly noted on the supplementary page attached to the assessment list, did not affect the legality of the assessment. This designation "is for the information and guidance of the collector, and if he proceeds in a proper and legal manner, as he did in this case, no valid objection to the assessment and collection can be made by the person responsible for the payment of the amount assessed * * *." Anderson v. United States, 15 F.Supp. 225, 226, 228, 83 Ct.Cl. 475.

"Where the assessment of any income tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax * * *." Section 276(c), Internal Revenue Acts of 1928 and 1932, 26 U.S.C.A. Int.Rev.Acts, pages 430, 566.

■ This action was commenced by the filing of the complaint on September 11, 1941, five years, eleven months and twenty-nine days after assessment, and two days before the statute of limitations would have run against the Commissioner. The defense of the statute of limitations fails.

I conclude that the plaintiff is entitled to the relief sought; the clerk is directed to enter judgment against defendant in the amount of $4,947.28 with interest from September 13, 1935.