JAMES J. DONOHUE and ANN S. DONOHUE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Donohue v. Commissioner
Docket No. 6705-77.
United States Tax Court
T.C. Memo 1978-224; 1978 Tax Ct. Memo LEXIS 288; 37 T.C.M. (CCH) 954; T.C.M. (RIA) 78224; June 19, 1978, Filed Dean J. Barron, for the petitioners. Marguerite Gramza, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on petitioners' motion to dismiss for lack of jurisdiction herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: Petitioners, husband and wife, maintain their legal residence at 531 Falls Road, Great Falls, Virginia 22066. They resided at that address on the date the notice of deficiency involved herein was issued to them and on the date their petition was filed with this Court. They timely filed their joint U.S. Individual Income Tax Return, Form 1040, for the calendar year 1973 with *290 the Internal Revenue Service Center at Philadelphia, Pennsylvania. During the calendar year 1973, petitioner, James J. Donohue (hereafter referred to as petitioner), was a partner in an organization known as BA Associates Limited Partnership (hereafter called BA Associates). On petitioners' 1973 joint income tax return petitioner claimed his distributable share of a loss arising from the operations of BA Associates. The Internal Revenue Service requested petitioners to agree to an extension of the period of limitations on assessment of a deficiency in tax on their 1973 joint return. Petitioners declined to so agree. In light of petitioners' decision, a notice of deficiency for the tax year 1973 was mailed to petitioners on April 8, 1977, by the office of the District Director, Internal Revenue Service, Richmond, Virginia. In that notice the Commissioner disallowed petitioner's share of a demolition loss claimed by BA Associates on the ground such amount was a capital expenditure and the entire basis of the property should be allocated to the land. The parties have agreed to a revised deficiency for petitioners' 1973 joint return, redetermined in accordance with petitioner's *291 share of partnership income or loss as finally determined by respondent, subject, however, to a finding by the Court as to whether the 1973 deficiency notice was in fact and law timely issued to petitioners so as to suspend the running of the statute of limitations for one year. On May 21, 1977, R. A. Horn, Supervisor, Mails & Delivery, U.S. Post Office, McLean, Virginia, informed petitioners by use of a U.S. Postal Service routing slip that a "damaged letter" was found loose in the mail upon receipt at McLean and that petitioners' address was obtained from the telephone book. The originals of the routing slip and "damaged letter" were mailed to petitioners by Mr. Horn by regular mail on May 21, 1977. The "damaged letter" petitioners received (on or about May 22, 1977) from Mr. Horn was a portion of Form L-21 (REV. 9-75) signed by James P. Boyle, District Director, Richmond, on behalf of Acting Commissioner, William E. Williams. The Form L-21, which is the cover page of a notice of deficiency, had been mutilated to the extent that all of the portion above the salutation "Dear Mr. and Mrs. Donohue" had been severed and lost. Although it did advise petitioners that "This letter *292 is a NOTICE OF DEFICIENCY--as required by law--," it contained no date, no address, no year, and no specific tax deficiency. No other pages or attachments of any kind were received by petitioners. The mutilated Form L-21 was all that remained of the original seven-page notice of deficiency which had been mailed to petitioners on April 8, 1977, by the District Director. Following receipt of the mutilated Form L-21, petitioner telephoned the office of the District Director at Richmond and inquired of Mrs. W. E. Crockett, an employee of that office, as to the nature of that communication. Thereafter, Larry D. Andrews, Chief of the Review Staff of the office of the District Director at Richmond forwarded to petitioner by mail a copy of the 1973 deficiency notice. His transmittal letter dated May 27, 1977, which accompanied that notice, states, in part, as follows: Dear Mr. Donohue: We are enclosing a copy of the statutory notice of deficiency for the year 1973 which was sent to you by certified mail on April 8, 1977. You stated that the Post Office Department has delivered to you a portion of the mutilated cover letter. You inquired whether a valid notice was issued. *293 Section 6212 of the Internal Revenue Code requires that a notice of deficiency be sent by certified mail, or registered mail. The mailing constitutes a valid notice, even if the taxpayer does not receive it because he has moved or refused to call for certified mail. See recent decision in the case of M. L. Karmazin, 35 TCM 1148, Dec. 33,985(M) TC MEMO 1976-262, which held that a properly mailed notice needn't be received to be effective. The taxpayer asserted that he did not receive the letter and did not receive a notification from the Post Office Department. The furnishing of this copy of the statutory notice of deficiency mailed on April 8, 1977, in no way serves to suspend or extend the 90-day period provided in such notice for filing a petition with the United States Tax Court. The petition was filed with the Court in this case on June 29, 1977. Petitioners principally contend that respondent has not issued a valid notice of deficiency under section 6212(a) of the Code. [2] Thus, they maintain the statute of limitations under section 6503(a) (1) was not suspended and respondent is barred from assessing the 1973 tax deficiency *294 under section 6501(a). Respondent, on the other hand, argues that a valid notice was issued under section 6212(a) and, hence, the statute of limitations period for assessment was extended pursuant to section 6503. The crucial issue to be decided is whether respondent timely mailed a valid notice of deficiency to petitioners by certified mail. Section 6501(a) provides the general rule that taxes shall be assessed within three years after the return was filed. Section 6503(a) provides in part that the running of the period of limitations provided in section 6501 on the making of assessments "* * * shall (after the mailing of notice under section 6212(a)) be suspended * * *." Section 6212(a) provides in relevant part: If the Secretary determines that there is a deficiency in respect to any tax imposed by subtitle A * * *, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. The taxable year at issue is 1973. Petitioners' return for that year was timely filed on or before April 15, 1974. It is not disputed that *295 respondent mailed the 1973 deficiency notice to petitioners at their correct address by certified mail on April 8, 1977 (Stip. par. 4; pet. par. 5(a) (iv); ans. par. 5(a) (iv); motion to dismiss, par. 2; ex. 6-F). Thereafter, petitioners timely filed their petition with this Court on June 29, 1977, well within the 90-day period provided by section 6213(a). The real thrust of petitioners' argument is that due to the Postal Service's methods and procedures, the original notice of deficiency dated April 8, 1977, properly addressed to petitioners, was mutilated to such a degree that the content thereof was meaningless. Consequently, the safeguard of effective delivery of notices incorporated in section 6212(a) was vitiated to the extent that the notice was invalid and its mailing did not suspend the period of limitations under section 6503. They further argue that since the Postal Service is an arm of the U.S. Government and the entire process must be considered, i.e., the mailing of the notice to receipt by petitioners, the Postal Service's processing of the notice is somehow attributable to respondent. Our research has not led us to any case involving facts identical to *296 those under consideration and the parties have provided us with no such case. Section 6212 permits the respondent to send a notice of deficiency in respect of an income tax deficiency to a taxpayer by certified or registered mail at his last known address. The statute makes no reference to "receipt" by a taxpayer of a notice of deficiency. Proper mailing to the taxpayer's last known address is the requirement. See Houghton v. Commissioner,48 T.C. 656, 660 (1967); Brown v. Lethert,360 F.2d 560 (8th Cir. 1966); Cohen v. United States,297 F.2d 760 (9th Cir. 1962); and Luhring v. Glotzbach,304 F.2d 556 (4th Cir. 1962). It has been stipulated that respondent mailed the 1973 deficiency notice to petitioners' correct address by certified mail on April 8, 1977, a date within the periods prescribed by sections 6501(a) and 6503(a), respectively. Therefore, we think petitioner's reliance on the statute of limitations is without merit. In the ordinary course of business respondent uses the mail to give such notice and, if he follows the procedure set forth in section 6212, his position is protected, regardless of *297 whether the taxpayer in fact receives the notice of deficiency. Delman v. Commissioner,384 F.2d 929, 933, 934 (3d Cir. 1967), affirming a Memorandum Opinion of this Court, cert. denied 390 U.S. 952 (1968); DeWelles v. United States,378 F.2d 37 (9th Cir. 1967); Luhring v. Glotzbach,supra;Houghton v. Commissioner,supra. Here, the record clearly discloses that respondent followed the procedures set forth in section 6212. In the context of the case at bar, it is significant to note that in Lifter v. Commissioner,59 T.C. 818 (1973), a "last known address" case in which a jurisdictional and a statute of limitations issue was raised by petitioners, at pages 823 and 824 we had this to say-- In a number of cases, it has been said that a taxpayer waived any defects in the notice of deficiency when he filed a timely petition with the Tax Court, but in these cases, it is apparent that the taxpayer received actual notice of the deficiency in sufficient time to file a petition with the Court. See, e.g.,Commissioner v. Rosenheim,132 F.2d 677 (C.A. 3, 1942), *298 reversing 45 B.T.A. 1018 (1941); Commissioner v. New York Trust Co.,54 F.2d 463 (C.A. 2, 1931), reversing 20 B.T.A. 162 (1930), certiorari denied 285 U.S. 556 (1932); Bankers Trust Co.,Trustee,24 B.T.A. 10, 12 (1931); Kay Manufacturing Co.,18 B.T.A. 753 (1930), affirmed per curiam 53 F.2d 1083 (C.A. 2, 1931); United States v. Prince,120 F.Supp. 563, 566 (S.D.N.Y. 1954); compare Marjorie F. Birnie,16 T.C. 861 (1951); Gennaro A. Carbone,8 T.C. 207 (1947). Further, as to receipt of a deficiency notice in Zaun v. Commissioner,62 T.C. 278 (1974), we stated-- Moreover, even if we were to assume for purposes of decision herein that Valdosta, Ga., was the last known address, the fact remains that petitioners received actual notice--albeit oral and apparently very short notice of a few days--and filed timely petitions. Such being the case, the statutory requirements have been satisfied and the Court has jurisdiction to proceed with the within cases. Daniel Lifter,59 T.C. 818 (1973), * * *299 * Here, petitioners actually received a copy of the 1973 deficiency notice shortly after May 27, 1977, and timely filed their petition herein on June 29, 1977. Thus, the statutory requirements have been met and we have jurisdiction to proceed with this case. We note further that in Alfieri v. Commissioner,60 T.C. 296 (1973), affd. without opinion, 487 F.2d 1393 (2d Cir. 1973), where a timely petition was filed, we held-- Under these circumstances, even if we considered the failure of respondent to send a copy of the notice of deficiency to petitioners' counsel to be error in the deficiency notice, which we do not, the error would be a harmless error which we have held in a number of cases may be waived by filing a petition from the notice with this Court, and where waived, does not require a dismissal of the case. Saint Paul Bottling Co.,34 T.C. 1137 (1960). Here, as we have indicated, there was no error in the mailing of the notice but even if there were, in the circumstances of this case, it would have been waived by the filing of the timely petition. All of the cases cited by petitioners in support of their position are *300 distinguishable and their reliance on them is misplaced. In Most v. Commissioner,T.C. Memo 1972-216, affd. in an unpublished opinion (9th Cir. April 7, 1975) where the statute of limitations was also raised by petitioners, we maintained jurisdiction where duplicate originals of the deficiency notice were validly issued and a timely petition was filed with this Court. In Houghton v. Commissioner,supra, the notice of deficiency was validly issued and the petition filed late. Cataldo v. Commissioner,60 T.C. 522 (1973), affd. 499 F.2d 550 (2d Cir. 1974), likewise affords petitioners no relief. There we held we had no jurisdiction where the notice was validly issued and the petition was filed late. Finally, petitioners would urge upon us that since they have proven that the Postal Service's processing of the original deficiency notice resulted in their receiving a mutilated Form L-21 the notice is invalid. For the reasons expressed above we cannot agree. In this respect they rely upon two cases, Karmazin v. Commissioner,T.C. Memo 1976-262, and DeLuca v. Walters, an unpublished opinion *301 ( D.C.Mass. 1974, 75-1 USTC par. 9109, 35 AFTR 2d 75-481). Likewise, those cases provide no succor for petitioners. In DeLuca v. Walters,supra, while a proper notice of deficiency was issued, taxpayers claimed they never received it and, consequently, filed no petition with this Court. Addressing section 6212(b) (1), the District Court stated-- If Congress intended that the IRS should have to check up on returned mail, guess that the addressee had not received the card, and send it out again, the statute should say much more than it does. Instead, in order seemingly to avoid disputes like the present, the statute provides that mailing is enough even if taxpayer is deceased, or mentally incompetent. * * * Petitioners finally press upon us that Karmazin v. Commissioner,supra, is authority for allowing them to present proof to rebut a presumption of regularity in postal procedures, particularly with respect to the delivery of petitioners' statutory notice and, if such proof is presented, we should declare respondent's notice invalid. We do not read the case as providing any such authority. Petitioners there did present testimony *302 with respect to the Postal Service's delivery of the notice. Respondent argued that the notice was timely pursuant to statute even if the Postal Service's regulations were not complied with. On that very point we stated-- The Commissioner argues that the postal service regulations were complied with, and that even if they were not, the notice of deficiency was timely mailed by certified mail within the meaning of section 6212(a). We agree with the Commissioner. Petitioners' motion to dismiss for lack of jurisdiction will be denied. An order will be issued. Footnotes
1. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in the present circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were heard in oral argument.
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩