162

NEW YORK TRUST CO., AS TRUSTEE UNDER TRUST INDENTURE, DATED DECEMBER 24, 1921, BY AND BETWEEN CONRAD HENRY MATTHIESSEN AND SAID NEW YORK TRUST CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28250. Promulgated June 26, 1930.

*Russell D. Morrill, Esq.*, and *Henry Mannix, Esq.*, for the petitioner.

*Brooks Fullerton, Esq.*, for the respondent.

OPINION.

McMahon : The first question to be considered is that of the jurisdiction of the Board. The pertinent provisions of the statute, the Revenue Act of 1926, are as follows:

Sec. 2. (a) When used in this Act—

*    *    *    *    *    *    *

(9) The term " taxpayer " means any person subject to a tax imposed by this Act.

Sec. 274 (a). If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. * * *

We have held in a number of cases that a proceeding before the Board must be based on two elements, namely, the determination by the Commissioner of a deficiency, and the sending of a notice thereof to the person liable for the tax. See *Caughey-Jossman Co.*, 8 B. T. A. 201; *Bisso Ferry Co.*, 8 B. T. A. 1104; *J. F. McKean*, 15 B. T. A., 795; *Consolidated Textile Corporation*, 16 B. T. A. 178.

Since the Board is a body of limited jurisdiction, all requirements of the statute giving it jurisdiction must be strictly complied with. See *Monks v. Duffle*, 259 S. W. 735, and *Keal v. Rhydderch*, 148 N. E. 63, 317 Ill. 231.

In *Caughey-Jossman Co., supra*, the Commissioner, in auditing returns of two affiliated corporations, determined a deficiency in the case of one and an overassessment as to the other. The notice of deficiency was sent to the company in whose case the overassessment was determined and that company filed a petition contesting the correctness of the deficiency. It was held that the Board did not have jurisdiction; that the other company against which the deficiency was determined had no right of appeal to the Board, as it had not been notified of the determination and was not a party to the proceeding; and that the words " a consolidation " following the name of the petitioner company in the caption of the petition did not make the other company a party to the proceedings. See also *American Creosoting Co.*, 12 B. T. A. 247.

In *Van Cleave Trust*, 18 B. T. A. 486, a deficiency letter was mailed to the Van Cleave Oil Co., an unincorporated association, and the petition for the redetermination of the deficiency was filed by the

Van Cleave Trust, to which the Oil Co. had transferred all its assets. Counsel for both parties submitted and argued the case on the hypothesis that the Van Cleave Oil Co. and its successor, the Van Cleave Trust, although different legal entities, nevertheless were in fact one and the same business unit, and therefore, notwithstanding the fact that the deficiencies in taxes for the years 1920, 1921, and 1922 were assessed against the Van Cleave Oil Co., and the deficiency notices mailed to that organization, nevertheless, by reason of the fact that the Van Cleave Oil Co. had not been in existence since August 14, 1920, and the Van Cleave Trust had exercised the management and control of the property and business formerly owned and managed by the Van Cleave Oil Co. and received for itself all the income from said business, the Van Cleave Trust had a right in its own name and behalf to respond to the deficiency notice mailed by the Commissioner to the Van Cleave Oil Co. and defend in this proceeding.

We said in that case:

It is clear that the Van Cleave Oil Co. and the Van Cleave Trust are two separate and distinct legal entities, and being such, the situation here is that the entity against which the taxes in question were assessed, and to which the deficiency notices were mailed, has not appealed to the Board, and is not before the Board.

In view of and following the doctrine announced by the Board in a number of cases, we must hold that for the years 1920, 1921, and 1922 the Board is without jurisdiction to adjudicate the issues involved, and, therefore, as to those three years, the proceeding is dismissed for lack of jurisdiction. See *Bond, Inc.*, 12 B. T. A. 339, *Engineers Oil Co.*, 14 B. T. A. 1148. *Sanborn Brothers, Successors, etc.*, 14 B. T. A. 1059. *The Gideon-Anderson Co.*, 18 B. T. A. 329.

In each of the other Board cases cited above a return was filed by a corporation, a deficiency letter was addressed to it, and, after the corporation had been dissolved, a proceeding before the Board was brought by another entity, either a successor corporation or a stockholder. In the present case the trustee filed the return, the trustee is the person liable for the tax, and the trustee filed the petition with the Board. However, the deficiency letter was addressed to the beneficiary instead of to the trustee, and it referred throughout to the deficiency as that of the beneficiary and treated it as being due from the beneficiary instead of the trustee.

In *Sears Roebuck & Co. Employees Savings and Profit Sharing Pension Fund*, 17 B. T. A. 22, the petitioner was an unincorporated association managed by trustees and the deficiency notice, instead of being addressed to the trustees, was addressed as follows: "Employees Savings and Profits Sharing Pension Fund, c/o Sears Roebuck and Co., Chicago, Illinois." The Board said:

It is urged that, as the deficiency notice was addressed to the Fund and not to the trustees, and that as the fiduciaries are the persons properly taxable as to the trusts, no notice was given as required by the statute. We are not impressed by this argument. The notice evidently reached the trustees, for in response thereto a petition was filed with this Board within the time allowed by statute. In *Wilkens & Lange*, 9 B. T. A. 1127, the Board held that a deficiency notice which erroneously stated the year involved but did not mislead the taxpayer was not invalid. In the present proceeding it is not claimed that anyone has been misled, nor that any rights have been jeopardized, nor that any different proof would have been required or offered, because of the manner in which the deficiency letter was addressed. The petitioner's contention, as to this point, can not be sustained.

In this case, while it is true that the trustee filed a return and had several conferences relative to the tax liability with the Commissioner, the deficiency letter was addressed to the beneficiary and referred throughout to the deficiency as that of the beneficiary. The fact that the trustee received it and brought a proceeding before the Board is not sufficient to give the Board jurisdiction, since the technical requirement of the statute—that the taxpayer against whom the Commissioner has determined the deficiency has filed a petition with the Board, has not been met. In the *Sears-Roebuck* case, *supra*, although the deficiency letter was addressed to the Fund, the deficiency was that of the trustees, since the fund, itself, was not a taxable entity. That case was one in which a clerical error was made. In the instant proceeding the deficiency letter, by referring to the deficiency as that of the beneficiary, would seem to establish that the Commissioner meant to assert the deficiency against the beneficiary and not against the trustee. The proceeding will be dismissed for lack of jurisdiction.

Reviewed by the Board.