## CAROLINE ROSENHEIM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104497. Promulgated December 17, 1941.

*Milton Rindler*, C. P. A., for the petitioner.
*A. H. Monacelli, Esq.,* for the respondent.

### OPINION.

ARUNDELL: Petitioner has moved to dismiss this proceeding on the ground that we lack jurisdiction.

Prior to May 22, 1933, petitioner resided at 2 West 86th Street, New York, N. Y. On May 22, 1933, petitioner moved from 2 West 86th Street to 225 Central Park West, New York, N. Y., where she has since resided. From May 22, 1933, to date, she has had no other residence or business address in New York, N. Y. Petitioner's Federal income tax returns for the years 1935 to 1939, inclusive, which were filed with the collector for the third district of New York, showed her correct address, namely, 225 Central Park West, New York, N. Y. The collector for the third district of New York addressed a letter to her under date of March 7, 1938, at 225 Central Park West.

On June 7, 1940, respondent sent by registered mail a letter addressed to petitioner at 2 West 86th Street, New York, N. Y., reading in part as follows:

You are advised that the determination of the income tax liability of the Tobacco Products Corporation of New Jersey, 15 Exchange Place, Jersey City, New Jersey, for the taxable year ended December 31, 1935, discloses a deficiency of $3,051,085.43, income tax, as shown in the statement attached. $6,427.75 of the amount of the income tax deficiency, plus interest as provided by law, will be assessed against you as a transferee of assets of said Tobacco Products Corporation of New Jersey.

This letter was in due course returned to respondent undelivered by the postal authorities. On July 1, 1940, this same letter was delivered to petitioner at her residence, 225 Central Park West, New York, N. Y., by an employee of the United States Bureau of Internal Revenue.

On August 31, 1940, petitioner filed with this Board a petition for redetermination of her liability as transferee of the assets of the Tobacco Products Corporation of New Jersey. In her petition, petitioner alleged that this Board was without jurisdiction to consider the cause on the merits on the ground that respondent did not send to petitioner a "proper notice of deficiency." Petitioner alleged in the petition that she had not received a notice of transferee liability from respondent via the postal authorities, and that respondent's letter had been delivered by hand.

On March 10, 1941, petitioner filed a motion to dismiss the proceeding for lack of jurisdiction of the Board to hear and determine the issues raised. The motion was based upon petitioner's contention that the letter notifying petitioner of transferee liability was not sent by registered mail, as required by law.

The applicable provisions of the statute are section 272 (a) and section 311 (a) (1) and (e) of the Revenue Act of 1938. The pertinent portions of these provisions of the statute are set forth in the margin.[1]

---

[1] SEC. 272. PROCEDURE IN GENERAL.

(a) PETITION TO BOARD OF TAX APPEALS.—If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Sunday or a legal holiday in the District of Columbia as the ninetieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. * * *

SEC. 311. TRANSFERRED ASSETS.

(a) METHOD OF COLLECTION.—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):

(1) TRANSFEREES.—The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title.

*     *     *     *     *     *     *

(e) ADDRESS FOR NOTICE OF LIABILITY.—In the absence of notice to the Commissioner under section 312 (b) of the existence of a fiduciary relationship, notice of liability en-

Petitioner contends that the letter which she received on July 1, 1940, was not delivered by the United States postal authorities, and, accordingly, was not such a notice as would give the Board jurisdiction of this proceeding. In his memorandum of authorities filed at the hearing respondent stated that his "position is specifically this: That the important element of the statutory procedure in obtaining jurisdiction of the Board of Tax Appeals is the determination of a deficiency by the Commissioner and the receipt of the notice of that deficiency by the taxpayer."

The early case of *Henry M. Day*, 12 B. T. A. 161, is in point with this one on the facts. In that case the Commissioner sent a notice of deficiency to the taxpayer's former address despite the taxpayer's having filed documents showing another address. The notice was returned and was then delivered to the taxpayer by an employee of the collector. On motion of the respondent we dismissed for lack of jurisdiction, stating:

There is a vital difference, however, between a mailing and a manual delivery. The one is definitely provided for by the statute and is the notice of deficiency which gives us jurisdiction. The other is not provided for by the statute and it may well be that Congress intended, in providing for notice in a certain manner, i. e., by registered mail, to exclude all other forms as the condition precedent to our jurisdiction.

In *John A. Gebelein, Inc.*, 37 B. T. A. 605, we held that we had no jurisdiction of a proceeding based upon a notice not sent by registered mail. In *Estate of Charles Schmalstig*, 43 B. T. A. 433, we reiterated the necessity of a registered mailing of the notice to the taxpayer as one of the prerequisites of our jurisdiction.

In the instant proceeding respondent sent the notice of transferee liability to petitioner's *former address* by registered mail. We are of the opinion that respondent's action fell short of compliance with the statute. The statute comprehends delivery, or at least an honest attempt to effect delivery, to the taxpayer at his last known address. We have construed the statute as requiring the Commissioner to notify the taxpayer by registered mail. It seems obvious that a letter received by the taxpayer other than by registered mail is not a notification of the taxpayer by registered mail.

forceable under this section in respect of a tax imposed by this title, if mailed to the person subject to the liability at his last known address, shall be sufficient for the purposes of this title even if such person is deceased, or is under a legal disability, or in the case of a corporation, has terminated its existence.

Respondent relies upon *Dilks* v. *Blair*, 23 Fed. (2d) 831; *Kay Manufacturing Co.*, 18 B. T. A. 753; *Daniel Thew Wright*, 34 B. T. A. 84; *Bankers Trust Co., Trustee*, 24 B. T. A. 10; and *Whitmer* v. *Lucas*, 53 Fed. (2d) 1006. In none of these was delivery effected by hand or in any way other than through registered mail. These cases, therefore, are not authority for the proposition that manual delivery, or any delivery other than by registered mail, is sufficient compliance with the statute.

Respondent also relies heavily upon *Tyson* v. *Commissioner*, 66 Fed. (2d) 160. That case is the only one cited by him which involves a nonregistered notice. There, however, the court sustained our dismissal of the proceeding for lack of jurisdiction on the ground that the letter which was sent to the taxpayer was not a notice of deficiency. In view of its holding in the *Tyson* case, the court's language in the course of its opinion regarding the effect of registration can be accorded little weight.

Respondent argues that, in any event, such defects as might appear in the mailing of the notice were cured by the filing of the petition. We can not agree. In her petition, petitioner raised the question of jurisdiction and set forth the facts upon which she based her allegation. In this petitioner followed the procedure adopted in *DeForest Hulburd*, 27 B. T. A. 1123, and approved by the Supreme Court in *Hulburd* v. *Commissioner*, 296 U. S. 300. There the petitioners in their petition raised the question of whether they were the proper parties to receive a notice of transferee liability. The Supreme Court said that when the matter was raised by petition "the remedy available to the Commissioner was obvious and ample." Here, as in the *Hulburd* case, the petitioner has not ignored the defect, but on the contrary has steadily insisted that there was no proper notice of deficiency.

Although respondent makes no point that the notice was sent to petitioner's last known address, we are of the opinion that it was not. The respondent is required to exercise reasonable diligence in ascertaining the proper address to which to mail the notice. *Welch* v. *Schweitzer*, 106 Fed. (2d) 885. Here respondent mailed the notice to an address at which petitioner had not resided for more than seven years prior to the mailing. The fact that petitioner filed personal income tax returns for the years 1935 to 1939, inclusive, with the collector of the same district in which petitioner's former address was located is an indication that respondent devoted little effort to the determination of petitioner's last known address. Despite the

fact that respondent's dealings with petitioner prior to the letter which she received July 1, 1940, were as taxpayer and not transferee, it would seem that respondent should be held to a more strict standard of diligence.

Since a petition must be filed with this Board within 90 days after the notice of deficiency *is mailed* (section 272 (a) (1), Internal Revenue Code, the potential dangers of a holding that the Commissioner may dispense with notification by registered mail are obvious. In a case where the registered notification is returned undelivered to the Commissioner and the manual delivery to the taxpayer occurs after the 90 days have nearly run, the taxpayer's right of petition to this Board would be seriously impaired. Such a right has been said to be a valuable one. *Russell* v. *United States*, 278 U. S. 181; *Percy N. Powers*, 20 B. T. A. 753. Moreover, it is at least doubtful whether we might have the power to extend the statutory period. *Stebbins* v. *Helvering*, 121 Fed. (2d) 892.

The motion of petitioner is granted and, accordingly, the proceeding must be dismissed.

Reviewed by the Board.

*An order of dismissal will be entered.*

---

MURDOCK, concurring: The Commissioner does not contend that the first notice was sent to the "last known address" of the taxpayer. His point, as explained in the majority opinion, is that receipt of the notice by the taxpayer is sufficient. The taxpayer, under the circumstances of this case, was under no burden to show that the address to which the notice was sent was not the address last known to the Commissioner. The Commissioner makes no contention that it was the last known address. He refers to it merely as a "former address." For these reasons I think the majority opinion is correct.

---

STERNHAGEN, dissenting: Since the petition was filed within ninety days after the notice of liability was sent to the transferee by registered mail at her last known address, the Board must hear and determine the transferee liability. The prevailing opinion seems to take it for granted that 2 West 86th Street was not the last known address, and that the registered notice of June 7 was not the statutory notice. It then discusses the ineffectiveness of the later notice delivered by hand, and, finding that such notice was not sent by registered mail, as the statute requires, it holds that jurisdiction is wanting. All the discussion of the ineffectiveness of the second

notice is beside the point of jurisdiction. If that notice were the only notice, the authorities leave no doubt of the correctness of a dismissal of a petition based upon it. But the first notice was sent by registered mail and can not be disregarded.

It has not been shown that at the time the registered notice was sent 2 West 86th Street was not the then last known address of the transferee. Her individual income tax returns have nothing to do with this question, for it was not as an individual taxpayer that the petitioner was being addressed. She was being addressed as a transferee of the assets of the Tobacco Products Corporation of New Jersey, and presumably with whatever information the Commissioner had on hand the notice was sent to the last known address of such transferee. It is not reasonable to say that the Commissioner must check such information against the address of persons having the same name who may have filed individual tax returns in the same collection district, ascertain that such person is the transferee in question, and send the notice of transferee liability to the present address of such taxpayer. The statute makes no such onerous requirement. Even though there may be instances in which a transferee who has moved will find himself in difficulty, this is not such a case, and there is no reason to decide it as if it were.

The motion to dismiss should be denied.

SMITH, MELLOTT, ARNOLD, KERN, and OPPER agree with this dissent.

———

HARRON, dissenting: I believe respondent's *delivery* of the transferee notice constitutes substantial compliance with the statute. If it is true that the notice which was *mailed* was not sent to the "last known address", nevertheless the error was corrected and delivery was actually made to the last known address. It seems to me to be highly technical to hold that because the notice which had been mailed was later delivered (by hand) to the correct address, the statute is not met. There is no question here about the date from which started the ninety-day period within which a petition with this Board could be filed. The determination of the question at issue should not be affected by a deflection in the direction of some other question not present. To decide the question at issue in respondent's favor does not predetermine a future decision of any other question. But, if the other question were also presented here, I believe it would not be illogical or outside the scope of a fair application of the statute to say that the date of delivery by respondent's employee is that date from which the ninety-day period begins to run.