DANIEL LIFTER AND HELENE LIFTER, PETITIONERS *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT

Docket No. 5765–72.  Filed March 12, 1973.

*Richard B. Wallace and Harold Tannen*, for the petitioners.
*Vernon J. Owens* and *Marlene Gross*, for the respondent.

SIMPSON , *Judge:* The respondent determined a deficiency of
$100,069.20 in the petitioners' Federal income tax for the year 1968.
This proceeding arises from a motion by the petitioners to dismiss for
lack of jurisdiction on the ground that no proper statutory notice of
deficiency was issued. At trial, the petitioners' motion was amended to
request a ruling that, because no proper statutory notice was given
within the 3-year statute of limitations, assessment and collection of a
deficiency for the year 1968 is barred.

### FINDINGS OF FACT

On June 13, 1969, the petitioners, Daniel Lifter and Helene Lifter,
timely filed their Federal income tax return for the year 1968 under an
extension granted by the respondent. The address given on the return
was 822 Northeast 125th Street, North Miami, Fla. (the 125th Street
address), the location of an office of a corporation with which Mr.
Lifter was connected. Since 1966, the petitioners have resided at 5151
Collins Avenue, Miami Beach, Fla. (the Collins Avenue address).

The office at the 125th Street address was rented by the corporation
from September 1968 to September 1969. On the petitioners' return
for 1969, they gave 17880 Northwest Second Avenue, Miami, as their
address, the place to which the corporation moved, and indicated that
on their return for the preceding year, they had given the 125th Street
address.

Between 1967 and 1969, the petitioners' returns for the taxable years
1964 through 1967 were being audited by a revenue agent and a special
agent. The petitioners gave different addresses on their returns for
the years then under audit; therefore, the agents decided to use the
petitioners' residence on Collins Avenue as their mailing address, and

the agents' reports set forth such address as the address of the petitioners. The report of the revenue agent was completed prior to October 1969 and was submitted for inclusion in an administrative file of the respondent. The report of the special agent was completed in the early part of 1971.

On March 7, 1969, the petitioners executed a power of attorney designating Richard B. Wallace as their attorney in fact for purposes of Federal income tax matters covering the years 1964 through 1967. On this document, the petitioners gave their residence on Collins Avenue as their address.

The audit for 1968 was conducted by C. W. Charlesworth, another of the respondent's agents. He requested that the petitioners agree to extend until June 30, 1973, the period for assessing deficiencies in tax for the years 1965 and 1968. Such request was sent to the petitioners at the 125th Street address but was returned undelivered. On March 28, 1972, a letter containing a similar request was addressed to the petitioners in care of Mr. Wallace, their attorney for the years 1964 through 1967, at his address. The consent forms and the accompanying transmittal letter recited that the address of the petitioners was in care of Mr. Wallace. He responded on behalf of the petitioners and advised that he recommended against the execution of the consents. In his response, he made no reference to the fact that he was not at that time appointed as the attorney for the petitioners' 1968 Federal income tax matters and gave no address for the petitioners other than in care of his office.

A statutory notice of deficiency with respect to the taxable year 1968 was prepared by Agent Charlesworth and was sent on April 13, 1972, to the petitioners by certified mail at the 125th Street address. He sent the notice to such address because it was given by the petitioners on their return for 1968 and because the respondent had not been advised that he should use a different address to contact the petitioners with respect to their 1968 return. When he sent the notice, Agent Charlesworth was aware of the audit of the petitioners' returns for 1964 through 1967, and he knew that the petitioners then resided on Collins Avenue, and that the agents were using the Collins Avenue address as the petitioners' address for purposes of that audit.

To ensure that notice of the deficiency determined by the respondent was actually communicated to the petitioners, a copy of the notice of deficiency was sent to Mr. Wallace. Such copy was mailed approximately at the same time as the original and was received by Mr. Wallace prior to May 13, 1972. Upon receiving a copy of the notice, Mr. Wallace arranged to inform the petitioners of it, and on May 13, 1972, they appointed him to handle their Federal income tax matters for

the year 1968. On July 11, 1972, a petition was filed with the Court requesting redetermination of the deficiency for 1968.

The petitioners' motion to dismiss involves section 6212 of the Internal Revenue Code of 1954[1] and other related sections. Section 6212(a) provides that when the Secretary or his delegate determines there is a deficiency in income tax, he is "authorized" to send notice of such deficiency by certified or registered mail. Section 6212(b)(1) provides that a notice of deficiency in respect of an income tax shall be sufficient "if mailed to the taxpayer at his last known address." Section 6213(a) provides that within 90 days after the mailing of the notice of deficiency the taxpayer may file with the Tax Court a petition for redetermination of the deficiency; it also provides that no assessment shall be made within the 90-day period nor, if a petition is filed with the Tax Court, until the decision of the Tax Court becomes final. Section 6501(a) provides that the amount of any tax imposed shall be assessed within 3 years after the return was filed; but section 6503(a)(1) provides that the running of the period of limitations provided in section 6501 for making assessments of income tax shall (after the mailing of a notice under section 6212(a)) be suspended for the period during which the respondent is prohibited from making an assessment and for 60 days thereafter.

We are asked by the petitioners to declare the notice of deficiency to be invalid and to hold that we therefore lack jurisdiction of the matter. In addition, the petitioners assert that since a proper notice of deficiency was not issued, the running of the statute of limitations on assessment of a deficiency has not been suspended, and accordingly, they asked us to hold that the statute of limitations on the assessment of any deficiency for 1968 has now run.

The petitioners contend that the notice of deficiency is invalid because it was sent to the wrong address. The purpose of sections 6212 and 6213 is to establish a procedure under which the respondent, if he determines that there is a deficiency in tax, notifies the taxpayer of such determination and under which the taxpayer is given an opportunity to litigate the issue before the Tax Court without first paying the claimed deficiency. *Berger* v. *Commissioner*, 404 F. 2d 668 (C.A. 3, 1968), affirming 48 T.C. 848 (1967), certiorari denied 395 U.S. 905 (1969); *DeWelles* v. *United States*, 378 F. 2d 37 (C.A. 9, 1967). The respondent is "authorized" to notify the taxpayer of his determination by use of certified or registered mail. *Berger* v. *Commissioner*, *supra*. If he sends the notice of deficiency to the taxpayer's

---

[1] All statutory references are to the Internal Revenue Code of 1954.

"last known address," the notice is effective irrespective of whether it is in fact received by the taxpayer. *DeWelles* v. *United States, supra.* A taxpayer's last known address may be the address given on his return, if he has not clearly notified the respondent that he has moved and directs the respondent to use a different address. *Floyd-R. Clodfelter,* 57 T.C. 102, 106 (1971); *Harvey L. McCormick,* 55 T.C. 138 (1970); *Langdon P. Marvin, Jr.,* 40 T.C. 982 (1963). If the taxpayer directs the respondent to send a notice of deficiency to his attorney, then the attorney's address becomes the taxpayer's "last known address." *Commissioner* v. *Stewart,* 186 F. 2d 239 (C.A. 6, 1951), reversing a Memorandum Opinion of this Court. A taxpayer's last known address may be his office rather than his residence. *Welch* v. *Schweitzer,* 106 F. 2d 885 (C.A. 9, 1939); *Abraham Goldstein,* 22 T.C. 1233 (1954). In other words, for purposes of section 6212(b)(1), a taxpayer's last known address must be determined by a consideration of all relevant circumstances; it is the address which, in the light of such circumstances, the respondent reasonably believes the taxpayer wishes to have the respondent use in sending mail to him. *Clark's Estate* v. *Commissioner,* 173 F. 2d 13 (C.A. 2, 1949); see also *Sorrentino* v. *Ross,* 425, F. 2d 213, 215 (C.A. 5, 1970).

Because the petitioners used a variety of addresses, they created confusion as to what address should be used to reach them. Since they used the 125th Street address on their 1968 return, Mr. Charlesworth initially was certainly justified in understanding that they wished to have any correspondence with them regarding the 1968 return sent to that address. Although they were then residing on Collins Avenue, they did not set forth the address of their residence on their return, and therefore, even though Mr. Charlesworth was then aware of the address of their residence, he was not required to direct mail to that address. In fact, since the petitioners had set forth the 125th Street address on their return, Mr. Charlesworth could reasonably infer that they were directing him not to contact them at their residence but at that business address.

When Mr. Charlesworth sent the letter requesting that the petitioners agree to extend the time for assessing a deficiency for 1965 and 1968 to the 125th Street address, and it was returned, he had cause to reconsider what address should be used to reach the petitioners. He was aware of the audit of their returns for 1964 through 1967 and that the petitioners' residence on Collins Avenue was being used to reach them in connection with that audit. In light of such information, it would have been reasonable for him to write to the petitioners at their residence in connection with the 1968 return. However, he was also aware that Mr. Wallace was representing the petitioners with regard to the audit of their returns for 1964 through 1967, and

the requested extension related to one of those years. Accordingly, it was also reasonable for him to direct his second letter regarding the extension to Mr. Wallace. Mr. Wallace responded to that letter and undertook to represent the petitioners with respect to 1968 as well as 1965.

Since the requested extensions were not approved by the petitioners, Mr. Charlesworth was then confronted with the necessity of preparing the notice of deficiency and deciding how it should be sent to the petitioners. Other than the address given on their return for 1968, he received no instructions from the petitioners as to how they should be reached regarding an audit of that return. Clearly, the addresses set forth in their subsequent returns did not constitute a direction as to the address to be used to reach them regarding the 1968 return. *Culver M. Budlong*, 58 T.C. 850 (1972); *Joseph Marcus*, 12 T.C. 1071 (1949). Since the petitioners had given the 125th Street address on their return and given no directions as to what address should be used in connection with such return, he chose to send the original of the notice of deficiency to them at that address. Because of the recognized possibility that such document might not reach them, he sent a copy to Mr. Wallace, who was known to represent them regarding earlier years, and who had undertaken to speak for them regarding 1968. When all of these circumstances are considered, one surely cannot say that Mr. Charlesworth acted negligently. See *Arlington Corp.* v. *Commissioner*, 183 F. 2d 448 (C.A. 5, 1950). It might have been reasonable for him to adopt a different course— for example, to send the notice to the petitioners at their residence on Collins Avenue, but surely it must be recognized that there was reason for the course that he adopted.

Moreover, it is clear that the petitioners were not injured by the course adopted by Mr. Charlesworth. The notice of deficiency was dated April 13, 1972, and the petitioners learned of it prior to the following May 13, when they formally authorized Mr. Wallace to represent them regarding the matter. Thus, they learned of the notice of deficiency prior to the expiration of the statute of limitations on assessment of a deficiency for 1968, and they had ample opportunity to prepare and file a petition with this Court. The courts have generally held that even though there may be a technical objection to the manner of delivery of a notice of deficiency, the notice is valid if the taxpayer is not substantially injured as a result of the technical shortcoming. See *Floyd R. Clodfelter*, 57 T.C. at 107, and the cases cited therein.

Under section 6212, the respondent is to notify a taxpayer of a deficiency. Ordinarily, he will use the mail to give such notice, and if he follows the procedure set forth in that section, his position is

protected, irrespective of whether the taxpayer does in fact receive the notice of deficiency. *Delman* v. *Commissioner*, 384 F. 2d 929, 933, 934 (C.A. 3, 1967), affirming a Memorandum Opinion of this Court, certiorari denied 390 U.S. 952 (1968); *DeWelles* v. *United States*, 378 F. 2d 37 (C.A. 9, 1967); *Luhring* v. *Glotzbach*, 304 F. 2d 556, 558 (C.A. 4, 1962); *Jack D. Houghton*, 48 T.C. 656, 660 (1967). When, as here, the taxpayers received actual notice of the deficiency at such time and in such manner that their interests were fully protected, the purpose of section 6212 is accomplished, and there is no reason to invalidate the notice because of alleged technical imperfections in the manner chosen for delivery of it. In *Berger* v. *Commissioner*, 404 F. 2d 668 (C.A. 3, 1968), the taxpayers directed the respondent to send any notices of deficiency to their attorney; although the respondent sent the notice to the taxpayers with a copy to their attorney, the court held that the notice was valid because the taxpayers had received adequate actual notice. Similarly, in *Delman* v. *Commissioner*, *supra*, the court upheld a notice of deficiency when it found that the respondent had reason for choosing the address used by him and that the taxpayers received actual notice in due time; the original of the notice was sent to the taxpayers in care of their accountant, the address given on the return, and a copy to their attorney, although the respondent was aware that the taxpayers had moved their residence. *Tenzer* v. *Commissioner*, 285 F. 2d 956 (C.A. 9, 1960), reversing an Order of this Court, and *Boren* v. *Riddell*, 241 F. 2d 670 (C.A. 9, 1957), held that a notice of deficiency was effective when the taxpayer received actual notice of it; in *Tenzer*, the notice was personally delivered to the taxpayer, and in *Boren*, it was sent to him by ordinary mail. In *Commissioner* v. *Stewart*, 186 F. 2d 239 (C.A. 6, 1951), the court sustained a notice of deficiency sent to the attorney of the taxpayer, not the taxpayer, because the purpose of the statute had been accomplished in that the taxpayer received actual notice of the deficiency. The court, in *Whitmer* v. *Lucas*, 53 F. 2d 1006 (C.A. 7, 1931), found that the taxpayer was not harmed because the notice of deficiency was delivered to him, even though it was incorrectly addressed, and accordingly, held that the notice was effective. In *Clement Brzezinski*, 23 T.C. 192 (1954), the Tax Court also held that a notice of deficiency mailed to the taxpayer and received by him was effective, even though it was sent to the wrong address. In a number of cases, it has been said that a taxpayer waived any defects in the notice of deficiency when he filed a timely petition with the Tax Court, but in these cases, it is apparent that the taxpayer received actual notice of the deficiency in sufficient time to file a petition with the Court. See, e.g., *Commissioner* v. *Rosenheim*,

132 F. 2d 677 (C.A. 3, 1942), reversing 45 B.T.A. 1018 (1941); *Commissioner* v. *New York Trust Co.*, 54 F. 2d 463 (C.A. 2, 1931), reversing 20 B.T.A. 162 (1930), certiorari denied 285 U.S. 556 (1932); *Bankers Trust Co., Trustee*, 24 B.T.A. 10, 12 (1931); *Kay Manufacturing Co.*, 18 B.T.A. 753 (1930), affirmed per curiam 53 F. 2d 1083 (C.A. 2, 1931); *United States* v. *Prince*, 120 F. Supp. 563, 566 (S.D.N.Y. 1954); compare *Marjorie F. Birnie*, 16 T.C. 861 (1951); *Gennaro A. Carbone*, 8 T.C. 207 (1947).

The petitioners contend that if a notice of deficiency is not mailed to the taxpayer's last known address, the notice is invalid. They urge us to adopt a strict interpretation of section 6212 and would have us ignore their receipt of adequate actual notice. In *Arlington Corp.* v. *Commissioner*, 183 F. 2d 448 (C.A. 5, 1950), the court found that the respondent's agents had been negligent in addressing the notice of deficiency, but nevertheless, the notice was not held invalid—the court merely extended the time for filing a petition with this Court. In many of the cases relied upon for the proposition that a deficiency notice is invalid unless mailed to the last known address, the statement of such proposition is dictum because the court has found the deficiency notice was actually sent to the last known address. See, e.g., *DeWelles* v. *United States*, 378 F. 2d 37 (C.A. 9, 1967); *Cohen* v. *United States*, 297 F. 2d 760 (C.A. 9, 1962), certiorari denied 369 U.S. 865 (1962); *Frances Lois Stewart*, 55 T.C. 238 (1970); *Draper Allen*, 29 T.C. 113 (1957); *Bert D. Parker*, 12 T.C. 1079 (1949); *Estate of George F. Hurd*, 9 T.C. 681 (1947). In some of the cases where the courts have held the notice to be invalid because it was not sent to the last known address, it is not clear whether the taxpayers received actual notice of the deficiency prior to the running of the statute of limitations and within ample time to file a timely petition with this Court; in other of such cases, the courts did not consider what effect should be given to receipt of actual notice. See *D'Andrea* v. *Commissioner*, 263 F. 2d 904 (C.A.D.C. 1959), reversing an order of this Court; *John W. Heaberlin*, 34 T.C. 58 (1960). Accordingly, such cases are inapposite. *Floyd R. Clodfelter*, 57 T.C. 102(1971).

In summary, we find that the respondent had reason for mailing the notice of deficiency to the petitioners in the manner chosen by him, and that the purposes of section 6212 have been fully accomplished in that the petitioners received actual notice of the deficiency before the running of the statute of limitations and within sufficient time to prepare and file a petition with this Court. Under such circumstances, there is no cause to strike down the notice of deficiency. Thus, sound reason and the overwhelming weight of judicial authority require us to conclude that the notice of deficiency sent to the petitioners should

be sustained, and that this Court has jurisdiction to redetermine such deficiency. In view of that conclusion, it is clear that the statute of limitations has not run on the assessment of a deficiency for 1968.

*Petitioners' motion to dismiss will be denied.*

---

[1] All statutory references are to the Internal Revenue Code of 1954.