JAMES K. LEFEBVRE, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lefebvre v. Commissioner
Docket No. 4610-78.
United States Tax Court
T.C. Memo 1980-478; 1980 Tax Ct. Memo LEXIS 109; 41 T.C.M. (CCH) 261; T.C.M. (RIA) 80478; October 23, 1980, Filed Joanne Rocks, for the petitioner. Karl D. Zufelt and Kenneth G. Gordon, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: The instant case is before this Court on each party's motion to dismiss for lack of jurisdiction. Respondent alleges that the petition herein was not filed within *110 the statutory period prescribed by sections 6213(a) [1] or 7502 and petitioner contends that the notice of deficiency was not mailed to his "last known address" and thus failed to comply with section 6212(b). FINDINGS OF FACT Some of the facts have been stipulated. The stipulation and attached exhibits are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Playa Del Rey, California. The 1971 income tax return of petitioner was filed with the Ogden Service Center on June 19, 1972. That return listed petitioner's address as 6800 Orangethorpe Avenue, Suite D, Buena Park, California 90620 (the "Orangethorpe Avenue address"). The Orangethorpe Avenue address, referred to above, was the addres of Athlete's Financial Services, Inc., the entity which prepared petitioner's 1971 tax return. Mr. M. L. Harcourt, an individual associated with that entity and the general partner of the partnership whose activities gave rise to the substantive tax dispute in this case, *111 also listed the Organgethorpe Avenue address as his business address. On November 13, 1974, petitioner and a representative of the Los Angeles District Director of the Internal Revenue Service ("IRS") executed Form 872, Consent Fixing Period of Limitation upon Assessment of Income Tax. As a consequence of executing this consent, the period of limitation for assessment was extended to December 31, 1975. This consent form listed the Orangethorpe Avenue address as the address of petitioner. Petitioner is a former major league baseball player and at the time of the hearing on this matter was connected with the Los Angeles Dodgers organization. During the year 1975, petitioner was employed as a professional baseball player in Japan. During the time in 1975 that petitioner was in Japan playing baseball, he was also in the throes of being divorced by his wife. In connection with the divorce proceedings he retained the services of an attorney, Stephen Pace ("Pace"). Pace's activities, such as they were, focused primarily on petitioner's domestic relations problems and only tangentially at best on petitioner's income tax difficulties. In a letter dated July 11, 1975, and addressed *112 to petitioner in Japan, Pace requested petitioner to sign a responsive pleading in his divorce case and to obtain a notarization of his signature. No specific mention was made of any income tax papers. In a letter daed July 28, 1975, Pace wrote a letter to a representative of the IRS stating: I represent Mr. James Lefevbre [sic] (SS # 564-52-XXXX) in connection with an audit of his 1971 tax return. I will furnish your office with an executed power of attorney at the time the protest to the 30-day letter is submitted. In that letter Pace also requested that he be granted an extension until August 20, 1975, to submit the protest because petitioner's residence in Japan made communication with him difficult. In the letterhead, Pace listed his address as 1101 Dove Street, Suite 170, Newport Beach, California 92660 (the "Newport Beach address"). In a reply dated July 31, 1975, to Pace's July 28th letter, a representative of the IRS stated that there would be no extension of time to submit a protest. A subsequent letter dated August 28, 1975, from Mrs. V. A. LeRoy of the IRS stated that the period for filing a protest had elapsed and that the District Conference staff would *113 not accept a protest in the absence of an extension of the period of limitations for the taxable year in dispute. The letter referred to Forms 872 which were enclosed and to the requirement for an executed power of attorney if Pace intended to sign a protest and a Form 872 on behalf of petitioner.
In the meantime, petitioner had written to Pace from Japan the following letter dated August 14, 1975: Steve, Sorry for the delay on these papers but would you believe, there is only one Notary in all Japan and he was on vacation. Good luck in court, Jim Although not referred to in the exchange of correspondence between petitioner and Pace to and from Japan, both of the two powers of attorney which are a part of the record in this case were signed by petitioner and notarized in Japan, and both bear the execution date of August 14, 1975. The envelope which contained petitioner's August 14th letter was addressed to Pace at his Newport Beach address. It was forwarded to the address of an organization known as Pro Sports Management in Santa Ana, California.The United States postmark on the envelope was dated August 18, 1975. Pace responded to Mrs. LeRoy by way of a letter dated *114 September 10, 1975. Pace stated: I had thought I had already submitted a power of attorney executed by James Lefebvre. I had obtained one from Mr. Lefebvre who resides in Japan but do not find it in my file. If you do not have it, I will obtain another one, but it will take two weeks. The letterhead on this letter listed Pace's address as 741 East Third Street, Long Beach, California 90812 (the "Long Beach address"). This letter was signed "Stephen Pace by ds" by an individual in Pace's office whom he had authorized to sign on his behalf. In a letter dated September 16, 1975, Mrs. LeRoy informed Pace that her office did not have a power of attorney naming Pace as petitioner's representative. Mrs. LeRoy stated that if a protest and an extension were not received by September 28, 1975, there would be no alternative for her but to issue a statutory notice of deficiency. The letter also made reference to a mailing of the 30-day letter on June 25, 1975. Pace subsequently sent a letter to Mrs. LeRoy, dated September 19, 1975, which stated: Enclosed please find Power of Attorney executed by James K. Lefebvre. Protest will follow in a few days. Pace submitted a protest *115 in a letter dated September 24, 1975. Both of these letters were signed "Stephen Pace by ds" and contained the Long Beach address in the letterhead. The record contains two powers of attorney (Forms 2848), both dated August 14, 1975, and both of which list petitioner's address as follows: Chateau Akasaka #208, Akasaka 6-5-21, Minato-Ku, Tokyo, Japan
Only one of the two powers was signed by Pace as representative of petitioner; the date affixed next to Pace's signature was September 19, 1975. In that power, the space in which the taxpayer's appointed representative was to be listed was left blank. Instead, Pace's name and his Newport Beach address were printed in the space where the tax matters and the (years) which were the subject of the power were supposed to be stated. This power was marked "Received" by the Notices Section of the IRS' Los Angeles office on September 22, 1975. The other power did not contain Pace's signature. Pace's name and address, originally listed in the space relating to the authorization for specific tax matters and years, were crossed out and placed in the correct space (although the Long Beach address was listed); the words "Tax year ending December, *116 1971" were inserted in the appropriate space. Petitioner's social security number was added after his name and Japan address; Pace's telephone number at the Long Beach addres was also inserted after his name. All of the insertions and additions were written in blue ink and in handwriting different than that used for petitioner's printed address and signature (which were in blank ink). This power was stamped "Received" by the Notices Section of the Log Angeles IRS office with a September 29, 1975, date. Both powers contained express authority for petitioner's attorney to execute waivers of restriction on assessment and to delegate authority. The space following the parts of the Forms 2848 which related to other specific acts authorized and the address to which copies of notices and other communications should be sent were left blank. A Form 872 (Consent Fixing Period of Limitation upon Assessment of Income Tax) which extended the period of assessment for petitioner's 1971 tax year until September 30, 1976, bears a signature in the name of Stephen Pace in the appropriate space for the signature of the taxpayer's representative. [2] There is no date indicating when this document *117 was executed. However, there is a receipt stamp from the Los Angeles office of the IRS which has a September 25, 1975, date. Petitioner's address on this document is listed as the Orangethorpe Avenue address. On June 11, 1976, the IRS issued a conference report letter to petitioner in care of Pace at the Long Beach address. This report contained various proposed adjustments to petitioner's tax liability for 1971. On July 12, 1976, the IRS mailed to Pace, at his Long Beach address, a letter enclosing a Form 872-A (Special Consent Fixing Period of Limitation Upon Assessment of Income Tax) in regard to petitioner's 1971 income tax liability. On July 19, 1976, the IRS received a Form 872-A regarding petitioner's 1971 income tax liability. This Form 872-A listed petitioner's address in care of Pace at his Long Beach address and was signed: "Stephen Pace, Attorney-in-Fact." On January 20, 1977, the IRS mailed a conference report letter to petitioner *118 in care of Pace at his Long Beach address. On April 6, 1977, Hugo Di Lillo, an IRS Appellate Conferee, wrote a letter to Pace scheduling a conference in regard to the 1971 income tax liability of petitioner. Pace received both of the letters in due course. In response to Di Lillo's letter of April 6, 1977, Pace called Di Lillo and requested that action on the case be suspended because petitioner was playing baseball in Japan. Di Lillo waited a period of time for petitioner to return to the United States and then called Pace to arrange a conference. Pace responded that petitioner did not desire a conference. Di Lillo was responsible for the issuance of the statutory notice in this case. In dealing with Pace, Di Lillo relied upon the powers of attorney relating to petitioner's 1971 income tax liability which had been placed in the administrative file. At no time prior to the issuance of the statutory notice in taxpayer. In terms of petitioner's address, Di Lillo assumed that petitioner was merely transient in Japan as he was only employed there during the baseball season. On January 26, 1978, a statuory notice of deficiency was mailed to petitioner at the following address: *119 c/o Stephen Pace, 741 East Third Street, Long Beach, California 90802. A copy of the notice was also mailed to Pace, as representative of the taxpayer, at the same address. The original statutory notice mailed to petitioner in care of Pace was returned undelivered to the IRS. However, the copy of the notice mailed to Pace was not returned undelivered. Prior to the issuance of the statutory notice, the IRS had mailed letters to the taxpayer in care of Pace at the Long Beach address; there was no indication that any of the letters mailed to petitioner in care of Pace at that address had been returned undelivered.
Di Lillo wrote petitioner a letter, dated April 25, 1978, which stated: There is enclosed the Statutory Notice of Deficiency sent to your last known address. The file indicates that the certified mail was not claimed at the office of Stephen Page [sic], and was not delivered by the Post Office Department. This letter was sent to petitioner at the following address: 8225 Manitoba Ave. Apt. #14, Playa Del Rey, California 90291. This was the address of petitioner's residence at the time. On the following day, April 26, 1978, petitioner, who was in Montreal, Canada, *120 and Di Lillo had a telephone conversation regarding the statutory notice.[3] During that conversation petitioner indicated that he would fly back to Los Angeles the next day to confer with Di Lillo, who at that time thought that only 89 days had expired since the issuance of the statutory notice. After this conversation Di Lillo obtained the administrative file for petitioner's case and discovered that April 26, 1978, was, in actuality, the 90th day after the issuance of the statutory notice.Di Lillo then called petitioner in Montreal and informed him that it would be necessary to mail a Tax Court petition that day. Petitioner wrote a letter, dated April 26, 1978, addressed to the United States Tax Court, in which he requested a redetermination of his tax liability for 1971 for the reason that he did not agree with respondent's deficiency determination. This letter was filed with this Court as a petition on May 1, 1978, which was 95 *121 days after the mailing of the statutory notice. The envelope which contained this letter bears a Canadian postmark dated April 26, 1978; [4] it does not bear a United States postmark. OPINION Petitioner has conceded that the Canadian postmark does not afford him relief for purposes of determining whether the petition in this case was filed within the requisite 90-day period. See sections 7502 and 6213.As the petition herein was not received by this Court until 95 days after the mailing of the original notice of deficiency, its filing was beyond the period prescribed by section 6213. [5] Thus, the issue remaining for our decision is whether the notice of deficiency mailed to petitioner on January 26, 1978, in care of attorney Stephen Pace, was sent to petitioner's last known address. Respondent, citing Lifter v. Commissioner,59 T.C. 818, 821 (1973), argues that Pace's address was the place where it was reasonable to believe petitioner wished *122 to have the notice sent as well as the address most reasonably calculated to result in petitioner's receiving notice of the proposed deficiency. Naturally, petitioner's position is to the contrary. Whether a statutory notice has been sent to a taxpayer's last known address for purposes of section 6212(b)(1) involves a consideration of all relevant circumstances. Lifter v. Commissioner,supra. The purposes underlying sections 6212 and 6213, are to provide the taxpayer with notice of the respondent's proposed determination of a tax deficiency and also an opportunity for him to litigate any disputed issues in a prepayment forum, the Tax Court. DeWelles v. United States, 378 F.2d 37 (9th Cir. 1967); Lifter v. Commissioner,supra.We believe that the use of Stephen Pace's address in the instant case failed to accomplish either of these objectives. As an initial observation we note that petitioner's address in Japan would not have been the proper destination for the statutory notice. The record indicates that petitioner's presence in that country was merely temporary, limited in duration by the baseball season. Indeed, Hugh *123 Di Lillo, the IRS Appellate Conferee who was responsible for mailing the statutory notice in this case, assumed that petitioner was merely transient in Japan. Moreover, Di Lillo testified that at the time the statutory notice was mailed in January, 1978, it was his belief that petitioner was no longer in Japan as it was winter; he did not send the statutory notice until he was reasonably sure that the baseball season in Japan was over. We are also persuaded that the address of Stephen Pace's office did not constitute petitioner's last known address for purposes of section 6212. Respondent insists, however, that in view of the correspondence between Pace and the IRS in reference to petitioner's 1971 tax liability, Pace's Long Beach address was the one which the Commissioner reasonably believed would be most likely to result in petitioner's actual receipt of the statutory notice. In this vein, respondent emphasizes that representatives of the IRS had consistently dealt with Pace as petitioner's authorized representative from 1975 through 1978 without any indication that Pace lacked the authority to represent petitioner. Respondent also has stressed the fact that there is no evidence *124 that any correspondence addressed to Pace, aside from the notice of deficiency, was returned undelivered. In our view, an authority for sending the statutory notice in care of Pace at his Long Beach address should been contained in the power of attorney. Neither of the Forms 2848 provided that notices and other written communications addressed to petitioner in relation to his 1971 tax liability were to be mailed to Pace. Compare Expanding Envelope & Folder Corp. v. Shotz,385 F.2d 402 (3rd Cir. 1967); Reddock v. Commissioner,72 T.C. 21 (1979). In fact, neither power of attorney contained authority even for the sending of copies to Pace's address. Houghton v. Commissioner,48 T.C. 656, 661 (1967), appeal dismissed June 26, 1969. The space following the portion of the power in each case which related to the mailing address for "all notices and other written communications" involving petitioner's 1971 income tax liability was simply left blank. The matter was, of course, confused by there being two nonidentical powers of attorney, both dated the same date. Furthermore, it appears that material was added to at least one of *125 them after petitioner signed, thereby casting considerable doubt as to their validity. Petitioner, whose job required him to travel almost constantly, testified that Pace's efforts to keep him advised of developments in the tax controversy were practically nonexistent. Pace furthermore made no discernable effort to keep petitioner or the Revenue Service advised of his current office address, which changed from time to time. For purposes of analyzing what authority has been extended to a taxpayer's representative, it is incumbent upon respondent to carefully examine the language contained in the power of attorney. See D'Andrea v. Commissioner,263 F.2d 904 (D.C. Cir. 1959). Receipt of a statutory notice on behalf of petitioner was not listed among the expressly authorized acts. [6] In addition, the mere reference to the address of the designated representative in the power of attorney does not, in our view, comprise sufficient notice that the address on the tax return no longer constitutes the taxpayer's last known address. [7]
*126 We do not agree with respondent's contention that the course of correspondence between Pace and the IRS indicated that Pace's address was the appropriate location for sending the 90-day letter. That address was simply that which respondent could use to relay information to petitioner (via Pace) while he was away in Japan. As was previously indicated, Di Lillo was certainly cognizant of petitioner's annual absences from this country; his behavior surrounding the mailing of the statutory notice evinces such awareness.The fact that correspondence regarding the taxable year was mailed by the Commissioner to the taxpayer's representative does not control. Estate of Hurd v. Commissioner,9 T.C. 681, 686 (1947). Likewise, respondent's dealings with a representative prior to the issuance of the 90-day letter are not necessarily significant. Houghton v. Commissioner,48 T.C. 656, 662 (1967). It is also interesting to note that someone in the IRS was eventually able to locate the address of petitioner's current residence circa April, 1978.When Di Lillo mailed a copy of the statutory notice to petitioner on April 25, 1978, it was sent to petitioner in *127 Playa Del Rey. Petitioner testified that that address was his residence at the time. It is thus apparent that the extant address of petitioner's residence was ascertainable. We note that the case at bar does not involve a situation where a technical error in the notice of deficiency can be deemed waived by (or nonprejudcal to) a taxpayer who, despite the error, had the opportunity to file a petition with this Court.See, Delman v. Commissioner,384 F.2d 929 (3rd Cir. 1967), affg. a Memorandum Opinion of this Court; Lifter v. Commissioner,59 T.C. 818 (1973). Here the purposes of sections 6212 and 6213 were not realized as petitioner was not notified of respondent's proposed deficiency until it was too late to file a timely petition with this Court. In fact, the record indicates that petitioner, relying on instructions from Di Lillo, made a good faith effort to file a petition on time. It is thus apparent that petitioner's interests in having a prepayment forum for the underlying tax dispute were not fully protected. In the absence of a clear expression of intent by the taxpayer that Pace's address was to be used in lieu of petitioner's address *128 on the return, Looper v. Commissioner,73 T.C. 690, 697 (1980), we cannot conclude that the deficiency notice mailed on January 26, 1978, was sent to petitioner's last known address. Accordingly, petitioner's motion to dismiss this case for want of jurisdiction is granted. O'Brien v. Commissioner,62 T.C. 543, (1974). To reflect the foregoing, An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise specifically indicated.↩
2. Pace denied that the signature on this consent was his. Indeed, the apparent cover letter of September 24, 1975 (which bears the same "Received" date, September 25, 1975, as the Form 872) was signed "Stephen Pace by ds."↩
3. It is not clear whether Di Lillo or petitioner made the initial phone call. Thus, it is not readily apparent from this record whether petitioner obtained knowledge of the statutory notice as a result of the phone call or from another source.↩
4. April 26, 1978, a Wednesday, was not a holiday in the District of Columbia.↩
5. There is no evidence in the record nor does petitioner contend that the 150-day period contained in section 6213(a) is applicable.↩
6. In Rev. Proc. 61-18, 1961-2 C.B. 550, respondent indicated that the address of a taxpayer's representative would constitute the taxpayer's last known address where the taxpayer files a power of attorney requesting that all communications concerning his tax liability for the year in question (or concerning a proposed deficiency) be mailed to the address of his designated representative. Otherwise, ascertaining the taxpayer's last known address involves a determination based on the facts and circumstances of each particular case. In Brzezinski v. Commissioner,23 T.C. 192 (1954), which was cited in Rev. Proc. 61-18, the power of attorney authorized respondent to send copies of notices and other written communication to the taxpayers' attorneys. The statutory notices, sent in care of the attorneys, were held to be valid because the taxpayers were not prejudiced by the mailing to that address (their petition was nonetheless timely). However, this Court stated that the statutory notice would have been invalid if the use of the improper address had resulted in the taxpayer's failure to file a timely petition. This Court subsequently held to that same effect in Keeton v. Commissioner,74 T.C. 377, 385↩ (1980), where the power of attorney also only authorized the sending of copies to the taxpayer's representative.
7. Here the address on petitioner's return, the Orangethorpe Avenue address, not only was the address of petitioner's return preparer, but also the address of the general manager of the partnership whose activities are the subject of the deficiency herein.↩