ROYSE PERSINGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Persinger v. Commissioner
Docket No. 16977-82.
United States Tax Court
T.C. Memo 1983-83; 1983 Tax Ct. Memo LEXIS 702; 45 T.C.M. (CCH) 719; T.C.M. (RIA) 83083; February 8, 1983. Royse Persinger, pro se. Gary A. Benford, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Daniel J. Dinan for hearing and is before the Court on respondent's motion to dismiss for lack of jurisdiction. The Court agrees with and adopts his opinion, which is set forth below.[1]
*703 OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge.9 This case is before us on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition herein was not filed within the time limits set forth in section 6213(a). [2]
On December 19, 1980, respondent mailed a statutory notice of deficiency by certified mail to petitioner, c/o General Delivery, Morse, Texas, 79062. The statutory notice pertained to the years 1974-1978. The notice was returned to respondent by the Post Office with the notation that petitioner had moved and left no forwarding address. Respondent immediately searched his filed to determine if another address was listed for the petitioner and found none. After 120 days had passed after the notice was returned, respondent prepared to assess the deficiencies listed in the statutory notice and realized, for the first time, that petitioner's social security number, as listed in the notice, was incorrect. Respondent corrected petitioner's social security number in the statutory notice and, on June 24, 1981, again mailed the notice by *704 certified mail to petitioner, c/o General Delivery, Morse, Texas, 79062. The notice mailed June 24, 1981, was also returned to respondent by the Post Office with the notation, "moved--left no forwarding address." The petition in this case was filed on July 9, 1982, approximately 470 days after the notice was mailed to petitioner on December 19, 1980, and approximately 380 days after the notice was again mailed to petitioner on June 24, 1981. Section 6213(a) sets forth the time frame for filing a petition in this Court after a statutory notice has been mailed. It provides, in pertinent part: Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * There is no dispute that the petition in this case was filed long after the expiration of the 90-day period. [3] Petitioner, however, objects to the granting of respondent's motion to dismiss on the ground that neither notice was sent *705 to petitioner's "last known address." Section 6212(b)(1) provides (with an exception not relevant to this case) that the statutory notice shall be sufficient if it is mailed to the taxpayer at his last known address. A taxpayer's last known address is that last known permanent address or legal residence of the taxpayer, or the last known temporary address of a definite duration or period to which all communications during such period should be sent. Weinroth v. Commissioner,74 T.C. 430 (1980). It is the taxpayer's responsibility to provide the respondent with a clear and concise notice of his new address. Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367 (1974), affd. 538 F.2d 334 (9th Cir. 1976). Petitioner claims that, at the time both notices were mailed to him, his address was 833 McPherson, Borger, Texas, 79007. Although he admits that he did not at any time notify respondent of his change of address, he argues *706 that respondent, nonetheless, should have mailed the June 24, 1981, notice to him at his Borger, Texas, address. Petitioner's reasoning in support of this contention is, at best, sophistical. On November 28, 1980, Revenue Officer Joe Gurnaby of respondent's Amarillo, Texas, office was assigned the task of obtaining delinquent 1979 and 1980 income tax returns from the petitioner. On May 27, 1981, Mr. Gurnaby visited the Postmaster in Morse, Texas, in order to locate petitioner's actual residence and learned that petitioner had moved from Morse, Texas. Mr. Burnaby obtained from the Postmaster the name of a person to contact who might be able to inform him of petitioner's address.After extensive and diligent efforts to learn of petitioner's address, Mr. Gurnaby was able to confirm, not earlier than June 25, 1981, that petitioner lived in Borger, Texas. On June 29, 1981, Mr. Burnaby wrote to petitioner at his Borger, Texas, address, requesting that he file his delinquent 1978, 1979 and 1980 returns within 30 days. It is Mr. Gurnaby's correspondence of June 29, 1981, upon which petitioner relies to convince us that respondent should have known of his Borger, Texas, address when *707 he mailed the statutory notice on June 24, 1981. We first note that Mr. Gurnaby had not confirmed petitioner's Borger, Texas, address until the day after respondent mailed his June 24, 1981, statutory notice. We would also note that petitioner offered no evidence that Mr. Gurnaby, of respondent's Amarillo, Texas, office knew or should have known that respondent's Dallas, Texas, office was issuing petitioner a statutory notice of deficiency for the years 1974-1978. Because petitioner failed to give the respondent a clear and concise notice of his change of address, respondent was entitled to rely on petitioner's last known address in sending the notice to Morse, Texas. Lifter v. Commissioner,59 T.C. 818 (1973). Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order will be entered.
Footnotes
1. The Court has determined, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, that the post-hearing procedures set forth in that rule are not applicable to this case.
2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. Whether or not the 90-day period for the filing of the petition commenced on December 19, 1980, or June 24, 1981, is academic since the petition was filed approximately 380 days after the latter date.↩